IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| RICHARD J. KLARCHEK, | ) | Case No. 10-44866 |
| | ) | Hon. Susan Pierson Sonderby |
| | ) | |
| Debtor. | ) | **Hearing Date:  April 25, 2012** |
| | ) | **Time:            10:00 a.m.** |

## NOTICE OF MOTION

TO: Attached Service List

   **PLEASE TAKE NOTICE THAT** on **April 25, 2012, at 10:00 a.m**., I shall appear before the **Honorable Susan Pierson Sonderby**, United States Bankruptcy Judge, or any other judge sitting in her stead, in **Room 642, 219 South Dearborn, Chicago, Illinois**, and request a hearing on **FINAL APPLICATION FOR ALLOWANCE OF COMPENSATION OF THE ACCOUNTANTS FOR THE DEBTOR, a** copy of which is hereby served upon you.

## CERTIFICATE OF SERVICE

     I, the undersigned, an attorney, hereby state that pursuant to Section II, B, 4 of the Administrative Procedures for the Case Management/Electronic Case Filing System, I caused a copy of the foregoing NOTICE OF MOTION to be served on all persons set forth on the attached Service List identified as Registrants through the Court's Electronic Notice for Registrants and, as to all other persons on the attached Service List by mailing a copy of same in an envelope properly addressed and with postage fully prepaid and by depositing same in the U.S. Mail, Chicago, Illinois, on Friday, the 13th day of April, 2012.

                                                                       /s/ Gregory K. Stern
                                                                          Gregory K. Stern

Gregory K. Stern (Atty. ID #6183380)
Dennis E. Quaid (Atty. ID #02267012)
Monica C. O'Brien (Atty. ID #6216626)
Christina M. Riepel (Atty. ID #6297514)
53 West Jackson Boulevard
Suite 1442
Chicago, Illinois 60604
(312) 427-1558

SERVICE LIST

**Registrants Served Through The Court's Electronic Notice For Registrants**

Patrick S. Layng, United States Trustee
219 South Dearborn Street,
Suite 873
Chicago, Illinois 60604

Peter A. Clark.
Kevin C. Driscoll, Jr.,
Timothy S. McFadden
Barnes & Thornburg, LLP
One North Wacker Drive, Suite 4400
Chicago, Illinois 60606

Lisa Updike
Barnes & Thornburg LLP
600 One Summit Square
Fort Wayne, IN 46802-3119

David A. Kallick
Alexander D. Kerr, Jr.
Tishler & Wald, Ltd.
200 South Wacker Drive, Suite 3000
Chicago, Illinois 60606

Michael T. Benz
David T. Standa
Chapman & Cutler, LLP
111 West Monroe Strret
Chicago, IL 60603-4080

Courtney E. Barr
Travis Rojakovick
Locke Lord Bissell & Liddell LLP
111 South Wacker Drive
Chicago, Illinois 60606

Francis X. Buckley, Jr.
Thompson Coburn LLP
55 East Monroe, 37th Floor
Chicago, Illinois 60603


Faye B. Feinstein
Lauren N. Nachinson
Quarles & Brady LLP

300 N. LaSalle Street, Suite 4000
Chicago, Illinois 60654

Ashley L. Varterasian
John A. Benson, Jr.
Belongia, Shapiro & Franklin, LLP
20 South Clark Street, suite 300
Chicago, Illinois 60603

Jeffrey L. Gansberg
Much Shelist, et.al.
191 N. Wacker Drive, Suite 1800
Chicago, Illinois 60606

William S. Schwartz
Elizabeth B Vandesteeg
Levenfeld Pearlstein, LLC
2 N. LaSalle St., Suite 1300
Chicago, IL 60602

Kathleen A. Stetsko
Bates M. Larson
Perkins Coi LLP
131 South Dearborn, Suite 1700
Chicago, Illinois 60603

Kathryn A. Klein
Riezman Berger, P.C.
7700 Bonhomme, 7th Floor
St. Louis, Missouri 63105

Vincent T. Borst
Richard H. Fimoff
Catherine A. Cooke
Robbins, Salomon & Pratt, Ltd.
25 E. Washington Street, Suite 1000
Chicago, IL 60602

Cara M. Houck
Miller, Canfield, Paddock and Stone, P.L.C.
222 West Washington Street, Suite 2600
Chicago, Illinois 60606

Ann E. Pille
Reed Smith LLP
10 South Wacker Drive, Suite 4000
Chicago, Illinois 60606

Richard H. Porter

Gonzalez Saggio & Harlan LLP
225 East Michigan Avenue, 4th Floor
Milwaukee, Wisconsin 53202

Michael L. Sherman
120 South LaSalle Street, Suite 1460
Chicago, Illinois 60603

Matthew T. Gensburg
Greenberg Traurig, LLP
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601

Paul M. Bauch
Carolina Y. Sales
Kenneth A. Michaels, Jr.
Luke J. Hinkle
Bauch & Michaels, LLC
53 West Jackson, Suite 1115
Chicago, Illinois 60604

James B. Gottlieb
Chuhak & Tecson, P.C.
30 South Wacker Drive, Suite 2600
Chicago, Illinois 60606-7413

Bruce de'Medici
Belongia, Shapiro & Franklin LLP
20 South Clark Street, Suite 300
Chicago, Illinois 60603

Law Office of Terri M. Long
Terri M Long
18201 Morris Avenue
Homewood, IL 60430

James M Philbrick
Law Offices of James M. Philbrick, P.C.
P. O. Box 351
Mundelein, IL 60060

Alan K Mills
Barnes & Thornburg LLP
11 S Meridian Street
Indianapolis, IN 46204-3535

David L Hazan
Diver, Grach, Quade & Masini LLP
111 North County Street
Waukegan, IL 60085

David P Lloyd
Grochocinski, Grochocinski & Lloyd
1900 Ravinia Place
Orland Park, IL 60462

Steven Meyer
Oppenheimer Wolf & Donnelly LLP
45 South Seventh Street
Minneapolis, MN 55402

Francisco Connell
Chuhak & Tecson, P.C.
30 S. Wacker Dr.
Suite 2600
Chicago, IL 60606

Teresa M. Dickinson
Marc I. Fenton
Statman Harris & Eyrich, LLC
200 West Madison Street, Suite 3820
Chicago, Illinois 60606

**Parties Served Via U.S. Mail**

Richard J. Klarchek
875 North Michigan Avenue
Suite 3800
Chicago, Illinois  60611

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| RICHARD J. KLARCHEK, | ) | Case No. 10-44866 |
| | ) | |
| Debtor. | ) | Hon. Susan Pierson Sonderby |
| | ) | |
| | ) | **Hearing Date:  April 25, 2012** |
| | ) | **Time:           10:00 a.m.** |

**FINAL APPLICATION FOR ALLOWANCE OF
COMPENSATION OF THE ACCOUNTANTS FOR THE DEBTOR**

Now Comes GILSON, LABUS & SILVERMAN, as the Accountants for Richard J. Klarchek, Debtor and Debtor In Possession, and, pursuant to §330 (a) (1) of the Bankruptcy Code, request that this Court enter an order (A) allowing final compensation of $170,758.50 for 593.30 hours of professional services rendered to the Chapter 11 Debtor In Possession from October 6, 2012 through April 3, 2012; (B) authorizing payment by the Debtor of the unpaid balances of allowed compensation of (i) $23,826.00 which was allowed but remains unpaid from the First Application and (ii) $26,932.50 as compensation for services rendered from November 1, 2011 through April 3, 2012, and (C) shortening the notice period specified by Rule 2002(a) of twenty-one (21) days to coincide with the hearing scheduled for April 25, 2012, on the pending motion to convert this case to Chapter 7 of the Bankruptcy Code, and, in support thereof, state as follows:

A.  BACKGROUND

1.  On October 6, 2010, the Debtor filed a Voluntary Petition for relief under Chapter 11 of the Bankruptcy Code; and, the Debtor, as Debtor In Possession, has continued in possession of his property, pursuant to §§1107 and 1108; and, no trustee has been appointed in this case.

2.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §157; and, this is a core proceeding pursuant to 28 U.S.C. §157(b) (2).

3.  On April 11, 2012, a Notice of Debtors' Accountants' Final Application for Allowance of Compensation and Reimbursement of Costs and Expenses was transmitted to the United States Trustee, all

creditors and parties in interest. The Debtor requests that the twenty-one day notice requirement set forth in Bankruptcy Rule 2002 be shortened to fourteen days to coincide with the hearing scheduled for April 25, 2012, on the pending motion to convert this case to Chapter 7 of the Bankruptcy Code.

4.  The rates at which the GILSON, LABUS & SILVERMAN ("Accountants") seek compensation are their usual and customary hourly rates charged for bankruptcy work of this nature, as performed for other clients.

5.  On or about November 16, 2010, this Court entered an Order Authorizing Employment of Accountants authorizing the employment of the Accountants for the Debtor as Debtor In Possession, with all compensation and reimbursement of expenses being subject to further order of this Court.

6.  The Accountants filed a First Application for Allowance of Interim Compensation and Reimbursement of Costs and Expenses (the "**First Application**") seeking compensation in the amount of $144,771.00 and reimbursement of costs and expenses in the amount of $627.00. After the Accountants voluntarily withdrew their request for reimbursement of expenses, on March 9, 2012, this Court entered an Order allowing compensation in the reduced amount of $143,826.00 as interim compensation for services rendered through October 18, 2011. After partial payment of the allowed compensation, there remains due and owing to Accountants the unpaid balance of $23,826.00 from the First Application.

7.  From and since October 18, 2011, the Accountants have expended in this second period of time additional services of 83.90 hours of professional services from November 1, 2011, through April 3, 2012, as more fully set forth in the Time Sheets attached hereto and made a part hereof, said services having a value of $26,932.50.

8.  The Accountants are informed and therefore reasonably believe that the Chapter 11 case will be concluded by an order converting this Chapter 11 case to a case under Chapter 7 of the Bankruptcy Code, thereby concluding their services on behalf of the Debtor in Possession. For that reason, the Accountants seek an allowance of Final Compensation from the First Application and for the services stated in this instant application, as well as a direction to the Debtor to pay to the Accountant the presently unpaid balances of

compensation, being (i) $23,826.00 which was allowed but remains unpaid from the First Application and (ii) subject to allowance by this Court of the compensation for which allowance is sought in this Application, the further sum of $26,932.50 as compensation for services rendered from November 1, 2011 through April 3, 2012, for which the Accountants now seek allowance and payment.

9. The professional services valued at $26,932.50 rendered during the second period of time for which no prior request for allowance of compensation has been made is hereafter categorized into seven (7) subject matters for the purposes of summarizing with specificity the services rendered on behalf of the Debtor In Possession and for the benefit of his estate. These subject matters and the respective amount of professional time spent within each category are as follows:

| SERVICE CATEGORY | HOURS | AMOUNT |
|---|---|---|
| A. Preparation and Review of Workpapers | 5.80 | $ 1,923.50 |
| B. Record Keeping | 0 | $      00 |
| C. Preparation of Income Tax Returns | 6.30 | $ 1,033.50 |
| D. [Intentionally Omitted} | | |
| E. Notices | 0 | $      00 |
| F. Income Tax Planning | 21.20 | $ 5,937.00 |
| G. Business Counseling | 0.50 | $    197.50 |
| H. Telephone Conferences | 22.00 | $ 7,078.50 |
| I. Processing | 0 | $      00 |
| J. Proofreading | 0 | $      00 |
| K. Client Conferences | 19.40 | $ 7,620.00 |
| L. Research | 8.70 | $ 3,142.50 |
| **TOTAL** | **83.90** | **$26,932.50** |

9. The professional services were rendered within the service categories as follows:

A. **Preparation and Review of Workpapers -** This service category involved **5.8 hours** of services for a value of **$1,923.50** related to obtaining a FEIN for the estate's tax returns, analyzing the legal memorandum of tax counsel and preparing and appearance at the court hearing on the Accountant's first fee petition.

B. **Record Keeping** – None.

C. **Preparation of Income Tax Returns** - This service category involved **6.30 hours** of services with a value of **$1,033.50** in matters relating to gathering the information necessary for amending the estate's tax return

for the year 2010, preparation of an amendment to the estate's tax return for 2010, calculating the tax effect of sales, gains, losses and the appropriate tax year for such transactions as to assets of the estate and pass through transactions from the Mobile Home Communities for which the Debtor reports said transactions on his return, and preparing a request for an extension of time to file said return to accommodate the completion of the process of gathering said information.

    D. Intentionally Deleted

    E. **Notices** – None.

    F. **Income Tax Planning** – The service category involved **21.20 hours** of professional services with a value of **$5,937.00** involving analysis of tax effect of defective grantor's trust owning mobile home communities as requiring reporting of their business operations as well as gains and losses on Debtor's tax return and manner of treatment of those transactions, consideration of ability to engage in tax planning as to expected transactions by mobile home communities, review liability asserted by IDOR for replacement tax on Williamsburg community previously sold, calculation of treatment of possible cancellation of debt income resulting from foreclosure sales of communities or loss flowing from said transactions, and complied for counsel for the Debtor necessary tax and financial information to use in defense of motion seeking the appointment of a Chapter 11 trustee.

    G. **Business Counseling** - This service category involved **0.50 hours** of services with a value of **$197.50** related to discussion with counsel for Debtor of availability and nature of information pertaining to finances and tax information to use in defense of motion for appointment of trustee.

    H. **Telephone Conferences** - This service category involved **22.00 hours** of services with a value of **$7,078.50** related to conversations pertaining to tax effect resulting from estate's abandonment of finance companies, need to research whether cancellation of debt income will result from any of the foreclosures of the communities and the results of such research after same has been conducted, with corporate counsel and controller as to liability of Debtor, if any, for replacement tax on Whippetree sale, general topic of tax effect of sales or foreclosure of communities with tax adviser and corporate counsel, with counsel for Debtor as to summarizing tax information to rationalize the financial data reported in the bankruptcy schedules of assets and liabilities as well as the Statement of Financial Affairs to use in defense of the pending motion for the appointment of a trustee, and with controller as to tax effect to be realized by estate if investment property is

sold due to Debtor being a limited partner of same. .

    I. **Processing** - None.

    J. Intentionally Omitted

    K.   **Client Conferences** - This service category involved **19.40 hours** of services with a value of **$7,620.00** that included conferences with the Debtor and his representatives regarding a number of issues such as the basis for the need to file an amended tax return for the year 2010, the possibility of the estate realizing cancellation of debt income of the sales or foreclosures of the remaining mobile home communities, and explaining the tax and accounting effects of the defective grantor trust that owns the remaining mobile home communities and requires the reporting on the Debtor's tax returns of all tax results of the business operations of said communities and therefore result in reporting of said results that the creditors seeking the appointment of a trustee do not understand for the reason that they ignore the difference between the economic effect of said transactions and the tax effect of the same transactions.

    L.   **Research** - This service category involved **8.70 hours** of services with a value of **$3,142.50** that included research as to the tax effect of the Debtor abandoning the finance companies which stock constitutes property of the estate, means to off set realization of cancellation of debt income as to assets and investments owned in part by the Debtor but which are not themselves debtors in any bankruptcy proceeding, ability to minimize tax liability of the estate by adopting a favorable tax year end for the returns of the estate, and assessing whether a viable defense exists for the Debtor as to liability asserted by IDOR for replacement tax on Whippletree due to its sale prior to the Debtor's petition.

    10.   All of the professional services performed were actual and necessary for the proper representation of the Debtor as Chapter 11 Debtor in Possession and in furtherance of the Debtor's reorganization; and, as such, all of the services rendered were authorized pursuant to this Court's November 16, 2010 Order Authorizing Employment Of Gilson, Labus & Silverman and Steven Gilson and therefore benefited the estate. No time has been included for services that are in the nature of clerical work.

    11. RJK's individual and business affairs are multi-faceted and complex. The Debtor through his management company formerly managed or controlled, either directly or indirectly, ten (10) mobile home communities, multiple finance and rental operations and several single purpose entities. While RJK does not own these Communities, he is responsible to report the tax effects, including the income and expenses,

incurred by the Communities due to the ownership of the Communities in a Grantor Trust (i.e., the Klarchek Family Trust). RJK was the grantor of said Trust and is therefore responsible to report and realize on his tax return the income and expenses incurred by the Trust and all of the operating Communities owned by said Trust.

12. There has been no duplication of services by the Accountants. Mr. Gilson oversaw and supervised all aspects of the case and all attorney services performed. Generally, only one (1) accountant was assigned to a specific matter. Notwithstanding, multiple accountants participated in certain matters as necessary primarily due to the complexity of the case.

13. The value of the professional services rendered to the Debtor, as Debtor in Possession, covered by the second period of time as stated in this Application is $26,932.50. The value of all services rendered by Accountants on behalf of the Debtor and his estate is $170,758.50.

**WHEREFORE**, GILSON, LABUS & SILVERMAN pray for entry of an Order, pursuant to §331 of the Bankruptcy Code, (A) allowing final compensation under §330 (a) (1) of the Bankruptcy Code to Accountants in the amount of $170,758.50 for actual and necessary professional services rendered; (B) directing the Debtor to pay forthwith (i) $23,826.00 which was allowed but remains unpaid from the First Application and (ii) $26,932.50 as compensation for services rendered from November 1, 2011 through April 3, 2012; and, (C) shortening the notice period specified by Rule 2002(a) of twenty-one (21) days to coincide with the hearing scheduled for April 25, 2012, on the pending motion to convert this case to Chapter 7 of the Bankruptcy Code, and (D) for such other relief as this Court deems just.

        Respectfully submitted,

        GILSON, LABUS & SILVERMAN

        By:   /s/ Gregory K. Stern
              Gregory K. Stern, Esq.

Gregory K. Stern (Atty. ID #6183380)
Monica C. O'Brien (Atty. ID #6216626)
Dennis E. Quaid (Atty. ID #02267012)
Christina M. Riepel (Atty. ID #6297514)
53 West Jackson Boulevard
Suite 1442
Chicago, Illinois 60604
(312) 427-1558