IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| RICHARD J. KLARCHEK, | ) | Case No. 10-44866 |
| | ) | |
| Debtor. | ) | Hon. Susan Pierson Sonderby |
| | ) | Hearing Date: April 25, 2012 |
| | ) | Time:       10:00 a.m. |

## NOTICE OF MOTION

TO: Attached Service List

**PLEASE TAKE NOTICE THAT** on April 25, 2012, at 10:00 a.m., I shall appear before the Honorable Judge Susan Pierson Sonderby, or any other judge sitting in her stead, in Room 642, 219 South Dearborn Chicago, Illinois, and request a hearing on Debtor's Attorneys' Application for Allowance of Final Compensation and Reimbursement of Costs and Expenses, a copy of which is attached hereto and thereby served upon you.

## CERTIFICATE OF SERVICE

I, the undersigned, an attorney, hereby state that pursuant to Section II, B, 4 of the Administrative Procedures for the Case Management/Electronic Case Filing System, I caused a copy of the foregoing NOTICE OF MOTION and APPLICATION to be served on all persons set forth on the attached Service List identified as Registrants through the Court's Electronic Notice for Registrants and, as to all other persons on the attached Service List by mailing a copy of same in an envelope properly addressed and with postage fully prepaid and by depositing same in the U.S. Mail, Chicago, Illinois, on the 13th day of April, 2012.

      /s/ Gregory K. Stern
      Gregory K. Stern

Gregory K. Stern (Atty. ID #6183380)
Monica C. O'Brien (Atty. ID #6216626)
Dennis E. Quaid (Atty. ID #02267012)
Christina M. Riepel (Atty. ID #6297514)
53 West Jackson Boulevard
Suite 1442
Chicago, Illinois 60604
(312) 427-1558

## SERVICE LIST

**Registrants Served Through The Court's Electronic Notice For Registrants**

Patrick S. Layng, United States Trustee
219 South Dearborn Street, Suite 873
Chicago, Illinois 60604

Peter A. Clark.
Kevin C. Driscoll, Jr.,
Timothy S. McFadden
Barnes & Thornburg, LLP
One North Wacker Drive, Suite 4400
Chicago, Illinois 60606

Lisa Updike
Barnes & Thornburg LLP
600 One Summit Square
Fort Wayne, IN 46802-3119

David A. Kallick
Alexander D. Kerr, Jr.
Tishler & Wald, Ltd.
200 South Wacker Drive, Suite 3000
Chicago, Illinois 60606

Michael T. Benz
David T. Standa
Chapman & Cutler, LLP
111 West Monroe Strret
Chicago, IL 60603-4080

Courtney E. Barr
Locke Lord Bissell & Liddell LLP
111 South Wacker Drive
Chicago, Illinois 60606

Francis X. Buckley, Jr.
Thompson Coburn LLP
55 East Monroe, 37th Floor
Chicago, Illinois 60603

Faye B. Feinstein
Lauren N. Nachinson
Quarles & Brady LLP
300 N. LaSalle Street, Suite 4000
Chicago, Illinois 60654

Shelley Smith
Ashley L. Varterasian
John A. Benson, Jr.
Belongia, Shapiro & Franklin, LLP
20 South Clark Street, suite 300
Chicago, Illinois 60603

Jeffrey L. Gansberg
Much Shelist, et.al.
191 N. Wacker Drive, Suite 1800
Chicago, Illinois 60606

Kathleen A. Stetsko
Bates M. Larson
Perkins Coi LLP
131 South Dearborn, Suite 1700
Chicago, Illinois 60603

Kathryn A. Klein
Riezman Berger, P.C.
7700 Bonhomme, 7th Floor
St. Louis, Missouri 63105

Vincent T. Borst
Richard H. Fimoff
Catherine A. Cooke
Robbins, Salomon & Pratt, Ltd.
25 E. Washington Street, Suite 1000
Chicago, IL 60602

Cara M. Houck
Miller, Canfield, Paddock and Stone, P.L.C.
222 West Washington Street
Suite 2600
Chicago, Illinois 60606

Ann E. Pille
Reed Smith LLP
10 South Wacker Drive
Suite 4000
Chicago, Illinois 60606

Richard H. Porter
Gonzalez Saggio & Harlan LLP
225 East Michigan Avenue, 4th Floor
Milwaukee, Wisconsin 53202

2

Michael L. Sherman
120 South LaSalle Street, Suite 1460
Chicago, Illinois 60603

Matthew T. Gensburg
Greenberg Traurig, LLP
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601

Paul M. Bauch
Carolina Y. Sales
Kenneth A. Michaels, Jr.
Luke J. Hinkle
Bauch & Michaels, LLC
53 West Jackson, Suite 1115
Chicago, Illinois 60604

Law Office of Terri M. Long
Terri M Long
18201 Morris Avenue
Homewood, Illinois 60430

James M Philbrick
P. O. Box 351
Mundelein, Illinois 60060

Alan K Mills
Barnes & Thornburg LLP
11 S Meridian Street
Indianapolis, IN 46204-3535

David L Hazan
Diver, Grach, Quade & Masini LLP
111 North County Street
Waukegan, Illinois 60085

David P Lloyd
Grochocinski, Grochocinski & Lloyd
1900 Ravinia Place
Orland Park, Illinois 60462

Steven Meyer
Oppenheimer Wolf & Donnelly LLP
45 South Seventh Street
Minneapolis, MN 55402

James B. Gottlieb
Francisco Connell
Chuhak & Tecson, P.C.
30 South Wacker Drive
Suite 2600
Chicago, Illinois 60606

**Parties Served Via U.S. Mail**

Richard J. Klarchek
875 North Michigan Avenue
Suite 3800
Chicago, Illinois  60611

4

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| RICHARD J. KLARCHEK, | ) | Case No. 10-44866 |
| | ) | |
| Debtor. | ) | Hon. Susan Pierson Sonderby |
| | ) | Hearing Date: April 25, 2012 |
| | ) | Time:     10:00 a.m. |

## APPLICATION FOR ALLOWANCE OF FINAL
## COMPENSATION AND REIMBURSEMENT OF COSTS AND EXPENSES

Now Comes Gregory K. Stern, Monica C. O'Brien, Dennis E. Quaid and Christina M. Riepel of Gregory K. Stern, P.C. (the "Attorneys"), attorneys for Richard J. Klarchek, Debtor and Debtor In Possession, and, pursuant to §§330 and 331of the Bankruptcy Code, request that this Court enter an order A) Allowing final compensation of $519,252.05 for 1,297.50 hours of professional services rendered to the Chapter 11 Debtor In Possession and reimbursement of costs and expenses in the amount of $2,026.64; B) Authorizing payment of the unpaid balances of allowed compensation of (i) $37,185.58 which was allowed but remains unpaid from the Second Application and (ii) $93,651.69 as compensation for services and reimbursement of expenses from December 29, 2011 through April 11, 2012, and (C) Shortening the notice period specified by Rule 2002(a) of twenty-one (21) days to coincide with the hearing scheduled for April 25, 2012, on the pending motion to convert this case to Chapter 7 of the Bankruptcy Code, and, in support thereof, state as follows:

1. On October 6, 2010, the Debtor filed a Voluntary Petition for relief under Chapter 11 of the Bankruptcy Code; and, the Debtor, as Debtor In Possession, has continued in possession of his property, pursuant to §§1107 and 1108; and, no trustee has been appointed in this case.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §157; and, this is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

1

3. On April 11, 2012, a Notice of Debtors' Attorneys' Final Application for Allowance of Compensation and Reimbursement of Costs and Expenses was transmitted to the United States Trustee, all creditors and parties in interest. The Debtor requests that the twenty-one day notice requirement set forth in Bankruptcy Rule 2002 to be shortened to fourteen days to coincide with the hearing scheduled for April 25, 2012, on the pending motion to convert this case to Chapter 7 of the Bankruptcy Code

4. On October 4, 2010, the Debtor and the Attorneys entered into an agreement whereby the Attorneys agreed to represent the Debtor in a Chapter 11 case in consideration for the Debtor's agreement to pay for professional services rendered in accordance with the Attorneys' hourly fee schedule as in effect from time to time; and, the rates at which the Attorneys seek compensation are their usual and customary hourly rates charged for bankruptcy work of this nature, performed for other clients.

5. On November 3, 2010, this Court entered an Order Authorizing Employment of Counsel authorizing the employment of the Attorneys[1], as counsel for the Debtor as Debtor In Possession, with all compensation and reimbursement of expenses subject to further order of this Court.

6. On July 7, 2011, the Attorneys filed their First Application for Allowance of Interim Compensation and Reimbursement of Costs and Expenses (the "First Application") (Docket No. 271); and, on July 27, 2011, this Court entered an Order Allowing First Interim Compensation and Reimbursement of Costs and Expenses (Docket No. 297) of $272,150.88 to Counsel for 680.40 hours of professional services and costs rendered from September 30, 2010, through June 30, 2011; and, the Attorneys have received payment in full of the allowed compensation and reimbursement of costs and expenses sought in the First Application. The First Application is incorporated by reference herein and thereby made a part hereof.

7. On December 29, 2011, the Attorneys filed their Second Application for Allowance of

---

[1] Mr. Quaid's employment was approved by order of court entered on or about November 24, 2010

2

Interim Compensation and Reimbursement of Costs and Expenses (the "Second Application") (Docket No. 378); and, on January 24, 2012, this Court entered an Order Allowing Second Interim Compensation and Reimbursement of Costs and Expenses (Docket No. 415) of $157,185.58 to Counsel for 396.6 hours of professional services and costs rendered from July 1, 2011, through December 28, 2011; and, the Attorneys have received payment of $120,000.00 of the allowed compensation and reimbursement of costs and expenses sought in the Second Application. The Second Application is incorporated by reference herein and thereby made a part hereof.

8. The Attorneys have expended 220.50 hours of professional services from December 29, 2011 through April 11, 2012, as more fully set forth in the Time Sheets attached hereto and made a part hereof.

9. The professional services rendered from December 29, 2011 through April 12, 2012 have been separated into eleven (11) service categories, for the purposes of summarizing with specificity the services rendered on behalf of the Debtor In Possession and for the benefit of his estate. These service categories and the professional time spent within each category are as follows:

| SERVICE CATEGORY | HOURS |
|---|---|
| A. Asset Investigation, Protection and Disposition | 57.10 |
| B. Case Administration | 17.50 |
| C. Automatic Stay Matters and Motion | 2.50 |
| D. Avoidance Actions | 7.80 |
| E. Claim Related Matters and Negotiations | 7.20 |
| F. Creditor Examinations and Document Requests | .80 |
| G. KFT, MHC & Finance Co. Related Matters | 1.60 |
| H. Plan and Disclosure Statement | 64.60 |
| I. Tax Investigation | .80 |
| J. TCF Motion to Appoint Trustee | 37.40 |
| K. Professionals | 23.70 |
| **TOTAL:** | **220.50** |

10. The professional services were rendered within the service categories as follows:

A. **Asset Investigation, Protection and Disposition -** This service category involved 57.10 hours of services (Time Sheets at pages 1 – 13) related to the continuing investigation of RJK's assets and the

3

protection and disposition of assets and generally included services as follows: **1)** Reviewing documents relating to assets including real property, home furnishings, collectibles, consigned goods and furnishings, other personal property and equity interests in various entities and continuing investigation and determination of assets having value to the estate; **2)** Teleconferences with RJK relating to identifying, protecting and disposing of assets, including home furnishings, collectibles, consigned goods and furnishings, other personal property and equity interests in various entities, through sale and for the benefit of the estate; **3)** Communications with RJK, Christies and Steinitz regarding status of sale of consigned property and payment of items sold at auction and private sale; **4)** Investigation of appraisers for personal property located at Delaware Condo including but not limited to Leslie Hindman, retention of appraiser and reviewing appraiser's reports; **5)** Investigation of appraisers for real property and equity interests, retention of appraiser, teleconference with appraiser regarding appraisals and reviewing appraiser's reports **6)** Communications with creditors and creditors attorneys, including but not limited to MB, Suburban Bank, NorStates and TCF relating to RJK's assets, including but not limited to real property, personal property, equity interests and sale of those assets; **7)** Teleconferences, meetings and other communications with attorneys for Michelle Klarchek relating to ownership interests in assets owned jointly with RJK, investigation of same, negotiations for purchase of estate's interests in jointly owned and other assets; **8)** Teleconferences and other communications with third parties relating to valuation and disposition of assets; **9)** Drafting Report of Sale of Personal Property, Motion to Approve Bidding Procedures – Fontana Property, Response to Objections to Sale of Assets, Notices and Orders; and, **10)** Representation of Debtor at Court hearings.

    B. **General Case Administration -** This service category involved 17.50 hours of services (Time Sheets pages at 14 – 17) that included: **1)** Meetings, teleconferences and correspondence with Richard J. Klarchek ("Debtor" or "RJK") regarding representation of Debtor in Possession, books, records and information required, itemization and inventory of property, Debtor in Possession operations, operating reports, monthly preparation of same, insurance, DIP account, payment of U.S. Trustee statutory fees, case status, notices, case goals and strategy, Chapter 11 Schedules and Statement of Financial Affairs Amendments, and communications with creditors and parties in interest; **2)** Meetings, teleconferences and

4

correspondence with the U.S. Trustee's office regarding case and case administration; **3)** Continue investigating and reviewing RJK assets and liabilities and related entities assets and liabilities; **4)** Continue reviewing related entities books, records, documents, tax returns, income, loan documents and other relevant documentation; **5)** Communications with creditor and creditor attorneys relating to Chapter 11 case administration, claims and case conversion to Chapter 7; **6)** Communications with accountants relating to income and tax returns **7)** Drafting Amendments to Chapter 11 Schedules and Statement of Financial Affairs; **8)** Representation at Court hearings; and, **9)** General case administration matters.

   C. **Automatic Stay Matters and Motions** - This service category involved 2.50 hours of services (Time Sheets at pages 19) relating to the automatic stay and generally included the following: **1)** Teleconferences and other communications with TCF attorneys concerning stay violations and Motion for Sanctions; **2)** Reviewing TCF Supplemental Reply and drafting Debtor's Reply; and, **3)** Court – Representation at hearings on Motion for Sanctions.

   D. **Avoidance Actions** - This service category involved 7.80 hours of services (Time Sheets at pages 20) in matters relating to the avoidance actions and generally included the following: **1)** Reviewing TCF Response to Motion to Dismiss Counterclaim, research and draft Reply; and, **2)** Drafting Adversary Complaint to Determine Extent Validity and Priority of Private Bank Mortgage Debt.

   E. **Claim Related Matters and Negotiations** - This service category involved 7.20 hours of services (Time Sheets at pages 21 – 22) related to claims against the Debtor that included: **1)** Reviewing creditor proofs of claim and supporting documentation; **2)** Continuing analysis of proofs of claim; **3)** Communications with Debtor relating to creditor claims and objections to claims; **4)** Teleconferences, meetings and other communications with creditor attorneys relating to creditor claims, including but not limited to Suburban Bank, MB and TCF; and, **5)** Update drafts of Claim Objections (Claim numbers 6,7,8 and 9).

   F. **Creditor Examinations and Document Requests** - This service category involved .80 hours of services (Time Sheets at pages 23) related to MB Financial examination of Michelle Klarchek and communications with MB attorneys and MK's attorneys regarding same.

   G. **KFT, MHC and Finance Co. Related Matters** - This service category involved 1.10 hours of

5

services (Time Sheets pages at 25 – 26) related to the Sunset, Skyline and Whippletree mobile home communities.

H. **Plan and Disclosure Statement** - This service category involved 64.60 hours of services (Time Sheets pages 27 – 34) related to the Debtor's obligation to draft a Plan of Reorganization and Disclosure Statement that included: **1)** Teleconferences, meetings and communications with Debtor, representatives and Debtor's accountants regarding plan and disclosure statement process, treatment of creditors, draft of plan and plan funding; **2)** Updating drafts of Plan and Disclosure Statement and Amended Plan and Disclosure Statement; **3)** Preparing and coordinating attachments to Plan and Disclosure Statement including cash flow projections, liquidation analysis and Class 4a and 4b claims summaries; and, **4)** Communications with creditor attorneys regarding Plan, Disclosure Statement, supporting financial documents and soliciting comments regarding Plan and Disclosure Statement; **5)** Court – Representation at court hearings on status of Plan and Disclosure Statement.

I. **Tax Investigation** - This service category involved .80 hours of services (Time Sheets at page 35) related to the communications with accountants relating IDOR tax liabilities.

J. **TCF Motion to Appoint Trustee** - This service category involved 37.40 hours of services (Time Sheets pages 36 – 42) related to TCF Bank's Motion to Appoint Trustee (the "Trustee Motion") that included: **1)** Reviewing the Trustee Motion and Exhibits; **2)** Teleconferences and communications with RJK regarding the Trustee Motion and allegations contained therein; **3)** Teleconferences, meetings and communications with Debtor's Accountant relating to the Trustee Motion and allegations relating to disclosure of income and interpretation of income tax returns; **4)** Drafting Response in Opposition to Trustee Motion; and, **5)** Teleconferences with MB and TCF attorneys regarding Trustee Motion, agreement to appointment of examiner; **6)** Court – Representation at hearing on the Trustee Motion.

K. **Professionals**: This service category involved 23.70 hours of services (Time Sheets at pages 43 – 45) that included: **1)** Investigating retention and qualifications of real and personal property appraisers; **2)** Teleconferences with Accountant regarding services rendered to estate and Accountant's time records; **3)** Reviewing and revising Accountant's time records to comply with requisite standards; **4)** Reviewing and conforming attorneys' Time Sheets and expenses; and, **5)** Court – Representation at hearing on

6

Applications.

11. All of the professional services performed and included in the First Application, Second Application and Time Sheets attached hereto were actual and necessary for the proper representation of the Debtor as Chapter 11 Debtor in Possession and in furtherance of the Debtor's Chapter 11; and, as such, all of the services rendered were authorized pursuant to this Court's November 3, 2010 Order Authorizing Employment Of Counsel and benefited the estate. No time has been included for services that are in the nature of clerical work.

12. RJK's individual and business affairs were multi-faceted and complex. The Debtor owned, managed or controlled, either directly or indirectly, mobile home communities, multiple finance and rental operations and single purpose entities. RJK was either a co-obligor or had guaranty liability related to the debt associated with these business entities. Counsel's investigation of the Debtor's assets and liabilities required the analysis of both his personal and business holdings. The time periods covered by this Final Application principally involved case administration, identifying assets having value to the estate and sale of all such interests, claims investigation and objections, enforcement of the automatic stay, production of documents to creditors and submission to creditor examinations, drafting Plan of Reorganization and Disclosure and were all in furtherance of the Debtor's Chapter 11.

13. There has been no duplication of services by the attorneys. Mr. Stern oversaw and supervised all aspects of the case and all attorney services performed. Generally, only one (1) attorney was assigned to a specific matter. Notwithstanding, multiple attorneys participation in certain matters was necessary primarily due to the complexity of the case and breadth of services required. Accordingly, in those instances where more than one attorney participated in any matter, such joint participation was necessary because of the complexity of the Debtor's Chapter 11 case, the amount of debt involved, problem involved and/or the critical time constraints that existed required, in some instances, more than one attorney's participation in any given matter.

14. The value of the professional services rendered to the Debtor, as Debtor In Possession, covered by this Application is $519,252.05 and includes $91,625.05 of compensation, for services rendered and set forth in paragraphs 8, 9 and 10 above, not previously awarded and subsequent to the First

7

Application and Second Application.

15. Actual and necessary costs in the aggregate amount of $2,026.64 have been expended by Counsel as detailed in the Time Sheets attached to the First and Second Application and includes $317.18 of costs not previously awarded and set forth on the attached Time Sheets at page 46. Costs include filing fees, postage, and copying charges at the rate of ten cents (.10) per copy.

**WHEREFORE**, Gregory K. Stern, Dennis E. Quaid, Monica C. O'Brien and Christina M. Riepel pray for entry of an Order, pursuant to §§330 and 331 of the Bankruptcy Code, as follows: A) Shortening the notice period specified by Rule 2002(a) of twenty-one (21) days to coincide with the hearing scheduled for April 25, 2012, on the pending motion to convert this case to Chapter 7 of the Bankruptcy Code; B) Allowing Gregory K. Stern, P.C. final compensation in the amount of $519,252.05 for actual and necessary professional services rendered and reimbursement in the amount of $2,026.64 for actual and necessary costs and expenses incurred; C) Authorizing the Debtor to pay the unpaid balance of allowed final compensation and reimbursement of costs and expenses of $129,127.81 as a priority cost of administration; and, D) for such other relief as this Court deems just.

By: /s/ Gregory K. Stern
Gregory K. Stern, Esq.

Gregory K. Stern (Atty. ID #6183380)
Monica C. O'Brien (Atty. ID #6216626)
Dennis E. Quaid (Atty. ID #02267012)
Christina M. Riepel (Atty. ID #6297514)
53 West Jackson Boulevard
Suite 1442
Chicago, Illinois 60604
(312) 427-1558

8