UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Bankruptcy Case No. 10 B 44866 |
| | ) | |
| RICHARD J. KLARCHEK, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Honorable Janet S. Baer |
| | ) | |

**MEMORANDUM OPINION DENYING DEBTOR'S MOTION FOR SANCTIONS AGAINST TCF BANK, N.A. DUE TO LACK OF STANDING (Docket No. 305)**

Debtor Richard J. Klarchek (the "Debtor") has moved for sanctions against TCF Bank, N.A. ("TCF") pursuant to section 362(k) of the Bankruptcy Code. The Debtor alleges that after he filed his bankruptcy petition, TCF willfully violated the automatic stay by proceeding with a state court lawsuit filed against him and other parties. For the following reasons, the Court finds that the Debtor is without standing to pursue the sanctions motion, and, thus, the motion will be denied on that basis.

### Jurisdiction

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. The matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A). Venue is properly placed in this Court pursuant to 28 U.S.C. § 1409(a).

### Facts and Background

The facts in this matter are many and complex, involving numerous credit agreements, promissory notes, loans, and other financial transactions between TCF and various business entities of the Debtor, as well as the Debtor himself. For purposes of this Memorandum Opinion

which focuses solely on the issue of standing, however, the relevant facts are few and undisputed.

Since 2001, the Debtor has owned, operated, and/or controlled several businesses that manage various manufactured home communities and provide individuals with financing for the purchase or rental of manufactured homes. From September 2005 through July 2009, TCF made a series of loans to and guaranteed by the Debtor and certain business entities owned or controlled by the Debtor. On September 22, 2010, TCF filed an eight-count complaint in the Circuit Court of Cook County for breach of contract, unjust enrichment, and a declaratory judgment against the Debtor, several of the businesses he owned and/or operated, and an irrevocable grantor trust he created for estate planning purposes.

Two weeks later, on October 6, 2010, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On August 16, 2011, more than ten months after the petition date, the Debtor filed the instant motion for sanctions against TCF, alleging that the bank willfully violated the automatic stay by proceeding with the state court action. On May 1, 2012, the Debtor's bankruptcy case was converted to a case under chapter 7, and Richard J. Mason (the "trustee") was appointed as interim chapter 7 trustee.

At a status hearing on the sanctions motion on August 28, 2012, the Court ordered the parties to submit briefs as to whether the Debtor or the trustee has standing to pursue the motion. The issue has been fully briefed and is now ready for ruling.

**Discussion**

TCF contends that the Debtor lacks standing to pursue the sanctions motion. The issue of standing is "the threshold question in every federal case, determining the power of the court to entertain the suit." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). The standing requirement is both

a "constitutional limitation[ ] on federal-court jurisdiction and [a] prudential limitation[ ] on its exercise." *Id.* The constitutional limitation is derived from the "case or controversy" requirement in Article III of the U.S. Constitution. *Morrison v. YTB Int'l, Inc.*, 649 F.3d 533, 535 (7th Cir. 2011). It is satisfied only when a plaintiff "allege[s] personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Allen v. Wright*, 468 U.S. 737, 751 (1984).

In contrast, the prudential limitation–the one at issue in this matter– is "designed to ensure that courts resolve only those disputes that are suitable for judicial resolution." *Bowen v. Peregrin (In re Peregrin)*, Bankr. No. 12 B 26800, Adv. No. 12 A 1464, 2012 WL 5939266, at *2 (Bankr. N.D. Ill. Nov. 28, 2012). More specifically, the limitation prohibits a litigant from, among other things, raising another person's legal rights and, thus, insures that the plaintiff is the party entitled to bring the action. *Allen*, 468 U.S. at 751; *Peregrin*, 2012 WL 5939266, at *2. Because the prudential limitation addresses concerns about the "rightful owner" of a claim, courts have described Federal Rule of Civil Procedure 17(a) as a codification of this standing limitation. *RK Co. v. See*, 622 F.3d 846, 851 (7th Cir. 2010). That Rule provides that "[a]n action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). Whether the debtor or trustee is the proper plaintiff to pursue a claim belonging to a bankruptcy estate is a question under Rule 17(a) about who is the real party in interest. *Peregrin*, 2012 WL 5939266, at *2 (collecting cases).

In this matter, the Debtor is not the real party in interest under Rule 17(a). Because his claim for damages in the sanctions motion is property of his bankruptcy estate, only the chapter 7 trustee has standing to pursue the cause of action against TCF.

3

Filing a bankruptcy petition creates an estate composed of the debtor's property. 11 U.S.C. § 541. The Code provides a broad definition of property, *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 205 (1983), including "all legal or equitable interests of the debtor in property," 11 U.S.C. § 541(a)(1). In particular, claims and causes of action belonging to the debtor as of the commencement of the case are considered property of the bankruptcy estate. *Whiting Pools*, 462 U.S. at 205 n.9.

The claim against TCF did not–and could not–exist at the commencement of the Debtor's chapter 11 case. However, section 1115(a) of the Code expands the definition of property of the estate, providing that, in addition to the property specified in section 541, property of the chapter 11 estate includes "all property . . . that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted . . . ." 11 U.S.C. § 1115(a)(1). Here, the claim for damages against TCF arose after the filing of the Debtor's chapter 11 case, but before conversion of the case to chapter 7. Thus, the claim is property of the bankruptcy estate, and after conversion the chapter 7 trustee is the real party in interest with standing to pursue it. *See Kleven v. Walgreen Co.*, 373 F. App'x 608, 610 (7th Cir. 2010) (noting that in chapter 7 cases, only the trustee has standing to pursue claims belonging to the estate); *Agri-Best Holdings, LLC v. Atlanta Cattle Exch., Inc.*, 812 F. Supp. 2d 898, 900 (N.D. Ill. 2011) (same); *Peregrin*, 2012 WL 5939266, at *3 (collecting cases).

The Debtor argues, quite rightly, that he is entitled to pursue claims or causes of action abandoned by the trustee under 11 U.S.C. § 554. *See, e.g., Matthews v. Potter*, 316 F. App'x 518, 521 (7th Cir. 2009), *aff'd sub nom. Matthews v. Donahoe*, No. 12-1065, 2012 WL 4378272 (7th Cir. Sept. 26, 2012); *Cannon-Stokes v. Potter*, 453 F.3d 446, 448 (7th Cir. 2006). The

4

trustee, however, has not abandoned the claim against TCF. In fact, the Debtor has filed a motion to compel the trustee to abandon the claim against TCF, but that motion is not scheduled to be heard until February 26, 2013. (*See* Bankr. Case No. 10-44866, Docket No. 580.) Because the claim against TCF is property of the Debtor's bankruptcy estate and has not been abandoned, the Debtor lacks standing to pursue the claim.

## Conclusion

For the foregoing reasons, the Debtor's motion for sanctions against TCF is denied. A separate order will be entered consistent with this Memorandum Opinion.

Dated: 1/30/13

ENTERED:

_____
JANET S. BAER
United States Bankruptcy Judge