UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 10bk44866 |
| RICHARD KLARCHEK, | ) | |
| | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Honorable Timothy A. Barnes |
| | ) | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER
AWARDING TO JOHN F. POLLICK, P.C., SPECIAL COUNSEL FOR TRUSTEE, FOR
ALLOWANCE AND PAYMENT OF FIRST AND FINAL COMPENSATION AND
REIMBURSEMENT OF EXPENSES**

| | | | |
|---|---|---|---|
| TOTAL FEES REQUESTED: | $ 132,650.00 | TOTAL COSTS REQUESTED: | $ 0.00 |
| TOTAL FEES REDUCED: | $ 24,850.00 | TOTAL COSTS REDUCED: | $ 0.00 |
| TOTAL FEES ALLOWED: | $ 107,800.00 | TOTAL COSTS ALLOWED: | $ 0.00 |

**TOTAL FEES AND COSTS ALLOWED: $ 107,800.00**

This matter coming to be heard on the Application (defined below) of John F. Pollick, P.C. ("Counsel"), special counsel to Richard J. Mason, chapter 7 trustee of the estate of Richard J. Klarchek ("Trustee"), the court finds as follows:

A.    On December 11, 2012, the Trustee filed the Motion to Retain John F. Pollick, P.C. as Special Conflicts Counsel to the Trustee (the "Retention Motion") [Docket No. 569]. Per the terms of the Retention Motion, Counsel's retention was sought in order for Counsel to act in the above-captioned case (the "Bankruptcy Case") where Trustee's primary counsel, McGuireWoods LLP ("McGuireWoods"), had an actual, perceived or potential conflict;

B.    On December 18, 2012, the court entered an order (the "Initial Retention Order") [Docket No. 572] authorizing the retention of Counsel in accordance with terms of the Retention Motion;

C.    On February 25, 2013, the Trustee filed the Motion to Authorize Trustee to Expand Retention of John F. Pollick, P.C. as Counsel to the Trustee (the "Expansion Motion") [Docket No. 586], seeking to expand the terms of Counsel's retention to include any matters relating to *Mason v. Klarchek*, et al., Adv. Pro. 12-01688 (the "Adversary Proceeding"), then pending before this court;

D.    On March 6, 2013, the court entered an order an order (the "Expansion Order" and together with the Initial Retention Order, the "Retention Orders") [Docket No. 572] authorizing the expansion of Counsel's services in accordance with terms of the Expansion Motion;

E.    On July 3, 2014, more than 1 ½ years after Counsel's retention was authorized, Counsel filed his First and Final Application of John F. Pollick, P.C., for Allowance and Payment of

Compensation and Reimbursement of Expenses as Counsel for the Trustee for the Period December 19, 2012 Through July 2, 2014 (the "Initial Application") [Docket No. 656]. That Initial Application sought as consideration and fee reimbursement the amounts set forth at the outset of this order;

F.      The Initial Application failed, in many material respects, to comply with the compensation rules established by this court. A large portion of the time entries contained therein were lumped (set forth in large, undifferentiated blocks of time) in violation of those rules.[1] In addition, both the lumped and other time entries reflected tasks that could not be properly examined for duplicative efforts between counsel,[2] necessity,[3] reasonableness of time spent[4] and sufficiency of description;[5]

G.      At a hearing on the Initial Application, the court informed Counsel of these deficiencies, and afforded Counsel an opportunity to address these concerns;

H.      On July 31, 2014, Counsel filed an Amended First and Final Application of John F. Pollick, P.C., for Allowance and Payment of Compensation and Reimbursement of Expenses as Counsel for the Trustee for the Period December 19, 2012 Through July 2, 2014 (the "Application") [Docket No. 662]. The Application, while it provided some additional argument as to the necessity of Counsel's compensation, failed to modify in any material way the deficient time entries contained in the Initial Application;

I.      On August 13, 2014, TCF National Bank filed an objection to the Application (the "TCF Objection") [Docket No. 668]. The TCF Objection raised issues with lumping and duplication of services;

J.      On August 15, 2014, Counsel filed a Response of Pollick, P.C., to Objection of TCF National Bank to Pollick, P.C.'s Amended First and Final Application (the "Response") [Docket No. 672]; and

---

[1]      See, e.g., In re Wildman, 72 B.R. 700, 709 (Bankr. N.D. Ill. 1987) (Schmetterer, J.) ("Applicants may not circumvent the minimum time requirement or any of the requirements of detail by "lumping" a bunch of activities into a single entry. [citation omitted]. Each type of service should be listed with the corresponding specific time allotment.").

[2]      See 11 U.S.C. § 330(a)(4)(A)(i); In re Pettibone, 74 B.R. 293, 307 (Bankr. N.D. Ill. 1987) (Schmetterer, J.) ("A debtor's estate should not bear the burden of duplication of services. If found in the record, such duplication shall be disallowed by the court as unnecessary.").

[3]      See 11 U.S.C. §§ 330(a)(1)(B) & 331.

[4]      See, e.g., Pettibone, 74 B.R. at 306 ("The Court will determine what is the reasonable amount of time an attorney should have to spend on a given project... An attorney should not be rewarded for inefficiency. Similarly, attorneys will not be fully compensated for spending an unreasonable number of hours on activities of little benefit to the estate."); Wildman, 72 B.R. at 713 (same)

[5]      See, e.g., In re Pettibone, 74 B.R. at 301 ("A proper fee application must list each activity, its date, the attorney who performed the work, a description of the nature and substance of the work performed, and the time spent on the work. [Citation omitted] Records which give no explanation of the activities performed are not compensable."); In re Wildman, 72 B.R. at 708-9 (same).

K.    The court subsequently took the Application under advisement. This order is a result of the court's review of the Application, the TCF Objection and the Response, as well as the applications for compensation of McGuireWoods in this matter and independent consideration of the Bankruptcy Case and the Adversary Proceeding.

NOW THEREFORE, the court, having considered the foregoing as well as the parties' arguments at the various hearings held in conjunction with the Application, and hereby orders as follows:

I.    Except as noted below and attached, Counsel's request for compensation and reimbursement of expenses is allowed.

II.    The attached time entries have, however, been underlined to reflect disallowance in whole or in part.

III.    The basis for each disallowance is reflected by numerical notations that appear on the right of each underlined entry.  Where time entries by Counsel are noted as unreasonable only, that is not an indication that such time entries were sufficient in other categories of compliance. The time entries remain unacceptably lumped, making it nearly impossible for the court to perform an appropriate analysis of the various factors required.  However, so as not to doubly penalize Counsel on requested time entries, the court has determined to disallow such time as unreasonable only.

IV.    The numerical notations correspond to the enumerated paragraphs below.

### (1)    Unreasonable Time – TOTAL of disallowed amounts: $ 24,745.00

The Court denies the allowance in part of compensation for the indicated task(s) since the professional or paraprofessional expended an unreasonable amount of time on the task(s) in light of the nature of the task(s), the experience and knowledge of the professional performing the task(s), and the amount of time previously expended by the professional or another on the task(s). *Pettibone*, 74 B.R. at 306; *In re Wildman*, 72 B.R. at 713.

(a)    <u>Research</u>:  Total reduction  ($ 22,015.00)

Counsel has requested 125.8 hours – nearly a month of time based on a 40-hour work week or 43.86% of the time billed for the tenancy by the entirety adversary category as a whole – in compensation for research.  These amounts are exclusive of 26 hours of time spent preparing briefs or motions and that previously expended by Counsel when employed by McGuireWoods.

The court notes that such matters of research were also performed by attorneys at McGuireWoods, though in significantly lower amounts.

The court is aware of Counsel's claim that there was little case law on the issues raised in the defendants' motions to dismiss.  However, Counsel was retained, in part, because of his "experience in complex real estate

matters and familiarity with the relevant issues in the Adversary [Proceeding]." Nothing in the Application or Response has convinced the court that the massive amount of time spent by Counsel on research, especially where such research was performed in many instances in undifferentiated, contiguous blocks of time,[6] was warranted.

As a result, the court has reduced compensation for the time expended by Counsel on research in the tenancy by the entirety adversary category by half, which still allows research at a larger percentage than counsel's other category of work.[7]

(b)     Discovery:  Total reduction ($ 2,730.00)

Counsel requested at total of 31.2 hours in compensation for discovery work performed in the tenancy by the entirety adversary category. Counsel's entries for this work often reflect a general statement such as "review of discovery matters and status" and are accompanied by an entry that Counsel spoke with or corresponded with the Trustee or the McGuireWoods about the same.

McGuireWoods also spent a large amount of time on the same matters – 59.2 hours – for a total of 90.4 hours sought in the Application and by McGuireWoods. This excludes the time expended in this category that was more properly sought by the Trustee as part of his statutory compensation.

The majority of the substance of McGuireWoods' entries for discovery in the tenancy by the entirety adversary are similar to Counsel's entries, such that the court is forced to conclude that there has been a duplication of services and that the services performed by both Counsel and McGuireWoods is not reasonable.

The court, therefore, reduces compensation for Counsel and has reduced McGuireWoods in their application for compensation by 25%. The court concludes that time in excess of the reduced compensation is not reasonable.

---

[6]     For example, between March 20, 2014 and March 31, 2014, Counsel performed virtually nothing but research in this category, spending over 50 hours on weekdays and weekends researching the motion to dismiss. Research on this issue started before this period and continued after, but this period was almost entirely spend on research. The tangible result of this research was a 2-page supplemental brief filed by Counsel.

[7]     Counsel expended 18.05% of the time worked on matters with Private Bank, the other category that Counsel seeks compensation for in the Application, on research.

**(2)     Computational or Typographical Error – TOTAL of disallowed amounts: $ 105.00**

The court denies the allowance of compensation for the following tasks because the amount of fees appears to be a computational or typographical error.  Where there are two identical entries (same day, same tasks), the court will consider one of the entries to be a typographical error.

Dated:  November 14 2014

_____
Timothy A. Barnes
United States Bankruptcy Judge

John F. Pollick, P.C.
2336 Fir Street
Glenview, Illinois 60025
(847) 602-9243
johnfpollick@gmail.com

July 2, 2014

**Client:**    **Chapter 7 Bankruptcy Estate of Richard J. Klarchek, Case No. 10-44866**
**Richard J. Mason, Trustee**

**Period**
**Covered:**    **December 19, 2012 through July 2, 2014**

### DESCRIPTION OF SERVICES

**Matter:**    <u>**Tenancy by the Entirety (TBE) Adversary**</u>

| <u>Date</u> | <u>Attorney</u> | <u>Description</u> | <u>Hours</u> | |
|---|---|---|---|---|
| Jan. 18, 2013 | JFP | Review of bankruptcy case docket and pleadings regarding M. Klarchek and Chicago condominium (.5); <u>research regarding fraudulent transfer issues relating to transfer of Debtor'sChicago condominium into tenancy by the entirety (TBE) (.9)</u> | 1.4 | (1)(a) Unreasonable Time - Total Research Time Expended |
| Jan. 23, 2013 | JFP | <u>Research regarding fraudulent transfer issues relating to transfer of condominium into TBE</u> | .3 | (1)(a) Unreasonable Time - Total Research Time Expended |
| Feb. 4, 2013 | JFP | Review of issues and documents regarding Debtor's financial status at time of TBE transfer | .4 | |
| Feb. 18, 2013 | JFP | Review of response to M. Klarchek and land trustees' motion to withdraw reference of TBE adversary proceeding to Bankruptcy Court (.3); review of land trust issues relating to Chicago condominium (.3) | .6 | |
| Feb. 25, 2013 | JFP | Review of Klarchek adversary status issues (.2); revision of proposed motion to expand JFPPC retention by trustee (.4) | .6 | |
| Feb. 26, 2013 | JFP | Review of fraudulent transfer and procedural matters relating to Klarchek TBE adversary (.4); attend status hearing regarding TBE adversary proceeding (.5) | .9 | |

| March 5, 2013 | JFP | Review of TBE adversary issues (.2); conference with trustee regarding same (.4); telephone conference with trustee regarding same (.3) | .9 | (2) Typo - repeat entry (RJM has only 1 conf recorded this day) |
| March 6, 2013 | JFP | Attend hearing regarding expansion of JFPPC retention by trustee (.7); review of financial documents regarding TBE adversary (.7) | 1.4 | |
| March 12, 2013 | JFP | Research regarding issues relating to Debtor's motion to dismiss Count II of adversary complaint (1.0); telephone conference with trustee regarding same (.2); preparation of fourth motion to extend deadline to assume or reject executory contracts and related order (.6); e-filing of same (.2) | 2.0 | (1)(a) Unreasonable Time - Total Research Time Expended |
| March 14, 2013 | JFP | Correspondence with trustee regarding motion to extend time to assume or reject executory contracts | .1 | |
| March 18, 2013 | JFP | Research regarding federal and state TBE exemption and avoidance issues raised by Debtor's motion to dismiss Count II of adversary complaint, including fraudulent transfers, whether Debtor's retention of power of direction under land trust notwithstanding ABI in TBE to wife prevented creation of lawful TBE property in Illinois and effect of Illinois Land Trust Fiduciary Duties Act on same (4.8); correspondence with Trustee regarding' same (.2) | 5.0 | (1)(a) Unreasonable Time - Total Research Time Expended |
| March 19, 2013 | JFP | Attend hearing on motion to extend time to assume or reject executory contracts (.8); research regarding legal issues relating to Debtor's motion to dismiss Count II of adversary complaint, including judicial restraint (2.0) | 2.8 | (1)(a) Unreasonable Time - Total Research Time Expended |
| March 20, 2013 | JFP | Further research regarding TBE, fraudulent transfer and judicial restraint issues relating to Debtor's motion to dismiss Count II of TBE complaint (avoidance of TBE transfer based on Sec. 548) | 3.8 | (1)(a) Unreasonable Time - Total Research Time Expended |
| March 21, 2013 | JFP | Further research regarding federal and state fraudulent transfer issues and whether Illinois TBE avoidance standards prevail over federal avoidance standards | 1.8 | |
| March 22, 2013 | JFP | Research regarding legal issues relating to Debtor's motion to dismiss Count II of adversary complaint | 3.5 | |

| March 23, 2013 | JFP | Research regarding fraudulent transfer issues relating to Debtor's motion to dismiss Count II, including Smiley, Collier and related cases (6.5); study of possible applicability of Sections 522(o) and (p) to Debtor's transfer of condominium into TBE (.5) | 7.0 | (1)(a) Unreasonable Time - Total Research Time Expended |
| March 24, 2013 | JFP | Research regarding Debtor's motion to dismiss Count II, including federal and state fraudulent transfer laws, whether IRS avoidance rights may be asserted by a trustee in bankruptcy, applicability of 522(o) and (p) to Debtor's transfer of property into TBE and amendment of adversary complaint | 10.0 | (1)(a) Unreasonable Time - Total Research Time Expended |
| March 25, 2013 | JFP | Research regarding issues raised by Debtor's motion to dismiss Count II, including avoidance or limitation of exemption under 522(o) and (p), legal requirements for TBE property in Illinois, and state and federal fraudulent transfer law | 6.5 | (1)(a) Unreasonable Time - Total Research Time Expended |
| March 26, 2013 | JFP | Research regarding 522(o) and (p), tenancy by the entirety and motion to dismiss matters (1.0); preparation of response to Debtor's motion to dismiss Count II (7.5) | 8.5 | (1)(a) Unreasonable Time - Total Research Time Expended |
| March 27, 2013 | JFP | Research regarding and further preparation of response to Debtor's motion to dismiss Count II of TBE complaint | 9.5 | (1)(a) Unreasonable Time - Total Research Time Expended |
| March 28, 2013 | JFP | Further research regarding issues raised by motion to dismiss and 522(o) and (p) (1.0); further preparation and finalization of 10 page response to Debtor's motion to dismiss Count II (6.5) | 7.5 | |
| March 30, 2013 | JFP | Research regarding exemption of Illinois TBE property in bankruptcy and applicability of 522(b)(3)(b) and, therefore, 522(o) and (p), to Debtor's transfer of condominium into TBE, including Holland and Hunter cases (1.6); correspondence with trustee regarding same (.4) | 2.0 | (1)(a) Unreasonable Time - Total Research Time Expended |
| March 31, 2013 | JFP | Research regarding exemption of TBE property in bankruptcy, including several related cases in 7th Circuit | 5.0 | (1)(a) Unreasonable Time - Total Research Time Expended |
| April 1, 2013 | JFP | Research regarding applicability of 522(b)(3)(A) and 522(b)(3)(B) to tenancy by the entirety property in Illinois and exemption of TBE property under same (4.0); | 4.5 | (1)(a) Unreasonable Time - Total Research Time Expended |

correspondence with Trustee regarding same (.5)

| | | | |
|---|---|---|---|
| April 2, 2013 | JFP | <u>Research regarding issues and rules relating to filing of amended complaint (1.0); research regarding Sec. 544 and 522(o) and (p) issues (2.7);</u> preparation of motion for leave to file amended complaint in TBE adversary (2.5); preparation of amended count TBE complaint, added claims based on 522(o), 522(p) and, through 544, Federal Debt Collection Procedures Act (5.5) | 11.7 (1)(a) Unreasonable Time - Total Research Time Expended |
| April 3, 2013 | JFP | Prepare for and attend status hearing regarding objection to Debtor's exemption, adversary proceeding and Debtor's motion to dismiss (1.1); <u>study of 522(o) and (p) issues (1.0);</u> conference with trustee regarding same (1.0); <u>research regarding issues relating to avoidance of transfer into TBE under 548 (.5)</u> | 3.6 (1)(a) Unreasonable Time - Total Research Time Expended |
| April 4, 2013 | JFP | <u>Study of Werner decision (.5);</u> preparation of supplement to response to Debtor's motion to dismiss (2.0); preparation of motion for leave to file supplement (1.5); revision of proposed amended complaint and motion for leave to file same (2.5); telephone conferences with trustee regarding amended complaint and related issues (.4); preparation of proposed orders regarding motion for leave to file supplemental response and amended complaint (.4) | 7.3 (1)(a) Unreasonable Time - Total Research Time Expended |
| April 11, 2013 | JFP | Correspondence with Judge Darrah regarding motion to amend complaint in adversary proceeding (.5); <u>research regarding 522(o) and (p) and 522(b)(3)(A) issues relating to adversary proceeding (1.5)</u> | 2.0 (1)(a) Unreasonable Time - Total Research Time Expended |
| April 12, 2013 | JFP | Review of matters regarding motion to withdraw reference (.1); correspondence with G. Stern and P. Bauch regarding same (.2) | .3 |
| April 17, 2013 | JFP | Review of issues regarding motion to withdraw reference (.2); study of pleadings and issues regarding motion to withdraw reference (.8); <u>research regarding legal issues relating the same (1.2)</u> | 2.2 (1)(a) Unreasonable Time - Total Research Time Expended |
| April 18, 2013 | JFP | Prepare for and attend status hearing regarding motion to withdraw reference (Judge Darrah) | 1.0 |
| April 23, 2013 | JFP | Review of motions for leave to file amended | .8 |

|            |     | complaint and amended complaint (.4); review of motion to file supplement to response to Debtor's motion to dismiss and related supplement (.2); review of motion to authorize tolling agreement and tolling agreement (.2) |     |     |
| --- | --- | --- | --- | --- |
| April 24, 2013 | JFP | Prepare for and attend hearing regarding motion for leave to file amended complaint | .4 | |
| April 25, 2013 | JFP | Review of documents and issues relating to solvency of Debtor at time of TBE transfer | 1.7 | |
| April 26, 2013 | JFP | Further review of Debtor's solvency issues and documents | .3 | (1)(b) Unreasonable Time - Total Time Expended on Discovery |
| April 29, 2013 | JFP | Review of documents and issues relating to Debtor's insolvency at time of TBE transfer (.7); review of TBE adversary discovery issues (.5) | 1.2 | (1)(b) Unreasonable Time - Total Time Expended on Discovery |
| April 30, 2013 | JFP | Preparation of discovery in TBE adversary | .9 | |
| May 2, 2013 | JFP | Prepare for and attend status hearings regarding M. Klarchek's motion to withdraw reference (Judge Darrah) (.7); review of District Court opinion regarding motion to withdraw reference and correspondence with trustee regarding same (.4); correspondence with P. Bauch regarding District Court opinion and adversary proceeding matters (.2) | 1.3 | |
| May 6, 2013 | JFP | Review of docket entries regarding District Court order denying motion to withdraw reference (.2); correspondence with P. Catanese regarding same (.1) | .3 | |
| May 15, 2013 | JFP | Prepare for and attend hearing regarding TBE adversary matters, including status and motion for leave to file amended complaint (.8); correspondence and telephone conference with trustee regarding same (.1); telephone conference with trustee regarding same (.2); e-filing of amended complaint (.2) | 1.3 | |
| May 31, 2013 | JFP | Working on discovery matters in TBE adversary | .4 | (1)(b) Unreasonable Time - Total Time Expended on Discovery |
| June 7, 2013 | JFP | Preparation of discovery in TBE adversary | 2.0 | (1)(b) Unreasonable Time - Total Time Expended on Discovery |
| June 12, 2013 | JFP | Review of Debtor's motion to dismiss amended TBE complaint for want of subject matter | .8 | |

| Date | | Description | | |
|---|---|---|---|---|
| | | jurisdiction (.3); <u>research regarding related issues (.5)</u> | | (1)(a) Unreasonable Time - Total Research Time Expended |
| June 13, 2013 | JFP | <u>Research regarding legal issues relating to Debtor's motion to dismiss for want of subject matter jurisdiction, including Sec. 521(a)(2) and 362(h) and whether beneficial interest in an Illinois land trust is considered real property in bankruptcy (3.2)</u>; review of filings by Debtor in bankruptcy case relating to motion (.3) | 3.5 | (1)(a) Unreasonable Time - Total Research Time Expended |
| June 14, 2013 | JFP | Review of answer of M. Klarchek and land trustees to amended complaint (.3); <u>working on discovery matters and requirements (3.0)</u> | 3.3 | (1)(b) Unreasonable Time - Total Time Expended on Discovery |
| June 17, 2013 | JFP | Review of motion to dismiss issues (.2); telephone conference with trustee regarding same (.2); telephone conference with trustee and G. Stern regarding same (.1) | .5 | |
| June 18, 2013 | JFP | <u>Study of documents and legal issues regarding Debtor's motion to dismiss (1.0)</u>; preparation of correspondence to G. Stern regarding issues relating to Debtor's (second) motion to dismiss (1.0); telephone conference with P. Wolin regarding motion to dismiss and settlement matters (.5) | 2.5 | (1)(a) Unreasonable Time - Total Research Time Expended |
| June 19, 2013 | JFP | Review of proposed motion to extend time to assume or reject executory contracts (.2); correspondence with P. Catanese regarding same (.1); <u>research regarding issues relating to Debtor's (second) motion to dismiss (521/362), including creation of security interest in beneficial interest in land trust under Article 9 and judicial estoppel (2.5)</u> | 2.8 | (1)(a) Unreasonable Time - Total Research Time Expended |
| June 20, 2013 | JFP | <u>Preparation of request for production, to permit entry onto property and interrogatories to Debtor (1.5)</u>; <u>correspondence with trustee regarding same and regarding related issues (.3); review and revision of discovery requests and interrogatories (.7); further correspondence with trustee regarding same (.2); telephone conference with trustee regarding discovery and motion to dismiss matters (.3)</u> | 3.0 | (1)(b) Unreasonable Time - Total Time Expended on Discovery |
| June 24, 2013 | JFP | <u>Preparation of discovery requests and interrogatories to defendants in TBE adversary</u> | 2.0 | (1)(b) Unreasonable Time - Total Time Expended on Discovery |
| June 25, 2013 | JFP | Prepare for and attend hearing on status and Debtor's (second) motion to dismiss (1.0); <u>research regarding issues relating to Debtor's motion to dismiss (1.5); further revision of proposed discovery requests (.2)</u> | 2.7 | (1)(a) Unreasonable Time - Total Research Time Expended (1)(b) Unreasonable Time - Total Time Expended on Discovery |

| Date | | Description | | |
|---|---|---|---|---|
| | | | | (1)(b) Unreasonable Time - Total Time Expended on Discovery |
| June 27, 2013 | JFP | <u>Review and revision of discovery requests (.9) correspondence with attorneys for defendants regarding same (.1)</u> | <u>1.0</u> | |
| July 2, 2013 | JFP | <u>Review of discovery and (second) motion to dismiss issues</u> | <u>1.0</u> | (1)(b) Unreasonable Time - Total Time Expended on Discovery |
| July 9, 2013 | JFP | Correspondence with G. Stern and P. Bauch regarding Rule 26(f) discovery conference | .2 | |
| July 10, 2013 | JFP | <u>Study of legal and factual issues relating to fraudulent transfer claims against M. Klarchek</u> | <u>1.0</u> | (1)(a) Unreasonable Time - Total Research Time Expended |
| July 11, 2013 | JFP | Review of Debtor insolvency and related fraudulent transfer issues and financial documents | .8 | |
| July 15, 2013 | JFP | <u>Research and analysis of documents, facts and legal issues relating to Debtor's motion to dismiss (521/362)</u> | <u>8.0</u> | (1)(a) Unreasonable Time - Total Research Time Expended |
| July 16, 2013 | JFP | Preparation of 10 page response to Debtor's motion to dismiss for want of subject matter jurisdiction based on Sec. 521(a)(2) and 362(h) response to same | 10.0 | |
| July 17, 2013 | JFP | Prepare for Rule 26(f) conference with G. Stern and P. Bauch (.7); attend Rule 26(f) conference (.7) | 1.4 | |
| July 19, 2013 | JFP | Review of chronology Debtor and Klarchek trust's transfers to M. Klarchek and others and how same shows pattern of fraudulent transfers and reflects on Debtor's actual intent to defraud in connection with TBE transfer | 1.0 | |
| July 25, 2013 | JFP | <u>Study of discovery issues regarding adversary proceeding (.5); preparation of proposed discovery plan (1.0)</u> | <u>1.5</u> | (1)(b) Unreasonable Time - Total Time Expended on Discovery |
| July 26, 2013 | JFP | <u>Review and revision of proposed requests to admit to Debtor and M. Klarchek in adversary proceeding and related exhibits (1.5); correspondence with trustee regarding comments on same (.1)</u> | <u>1.6</u> | (1)(b) Unreasonable Time - Total Time Expended on Discovery |
| July 29, 2013 | JFP | <u>Study of discovery issues and related documents and pleadings (1.5); correspondence with trustee regarding discovery issues relating to adversary proceeding (.4)</u> | <u>1.9</u> | (1)(b) Unreasonable Time - Total Time Expended on Discovery |

| Date | | Description | | |
|---|---|---|---|---|
| July 30, 2013 | JFP | Study of nature and amount of filed claims against Debtor and financial statement of Debtor at time of TBE transfer (2.6); <u>review and revision of revised requests to admit (1.4); correspondence with trustee regarding related comments (.1)</u> | 4.1 | (1)(b) Unreasonable Time - Total Time Expended on Discovery |
| Aug. 6, 2013 | JFP | Prepare for settlement conference with attorneys for Debtor, M. Klarchek and Private Bank (.5) attend settlement conference (1.5) | 2.0 | |
| Aug. 9, 2013 | JFP | <u>Correspondence with G. Stern regarding proposed discovery plan (.2); correspondence with trustee regarding production requests and interrogatories to M. Klarchek (.1)</u> | .3 | (1)(b) Unreasonable Time - Total Time Expended on Discovery |
| Aug. 14, 2013 | JFP | Review Debtor's motion to stay discovery pending ruling on motion to dismiss for want of subject matter jurisdiction (.2); telephone conference with trustee regarding same (.1); <u>research regarding discovery issues (.2); telephone conference with trustee regarding same (.3); research regarding real estate tax issues relating to Debtor's condominium (.4);</u> telephone conference with Chicago Title regarding same (.1); correspondence with trustee regarding same (.2) | 1.5 | (1)(a) Unreasonable Time - Total Research Time Expended |
| Aug. 15, 2013 | JFP | <u>Research regarding legal and factual issues relating to Debtor's motion to stay discovery, including standard for stay and cases cited by Debtor</u> | 5.5 | (1)(a) Unreasonable Time - Total Research Time Expended |
| Aug. 16, 2013 | JFP | <u>Further research regarding legal and factual issues relating to Debtor's motion to stay discovery (1.5);</u> preparation of 7 page response to same and related exhibits (6.3); correspondence with trustee regarding same (.2) | 8.0 | (1)(a) Unreasonable Time - Total Research Time Expended |
| Aug. 19, 2013 | JFP | <u>Review of (second) motion to dismiss and discovery issues</u> | .3 | (1)(b) Unreasonable Time - Total Time Expended on Discovery |
| Aug. 20, 2013 | JFP | <u>Research regarding legal issues relating to Debtor's motion to dismiss for lack of subject matter jurisdiction and Debtor's reply in support of same, including study of related cases (2.8);</u> prepare for hearings on Debtor's motion to dismiss for lack of subject jurisdiction and motion to stay discovery (.8); attend hearings on Debtor's motion to dismiss for lack of subject jurisdiction and motion to stay discovery (1.8); <u>conferences with trustee regarding Debtor's motion to dismiss and to stay discovery and related adversary issues (.4); research regarding</u> | 6.8 | (1)(a) Unreasonable Time - Total Research Time Expended; and (1)(b) - Total Time Expended on Discovery |

| Date | | Description | | |
|---|---|---|---|---|
| | | Rule 12(b)(6) motions and limits on same (.3); review of discovery issues (.4); telephone conference with P. Catanese regarding same (.1); correspondence with P. Catanese regarding same (.2) | | |
| Aug. 21, 2013 | JFP | Review of discovery production issues (.3); telephone conference with P. Catanese regarding same (.1); telephone conference with M. O'Brien regarding same (.1) | .5 | (1)(b) Unreasonable Time - Total Time Expended on Discovery |
| Aug. 22, 2013 | JFP | Review of procedural matters relating to adversary (.3); correspondence with trustee regarding same (.2); review of discovery and strategy matters (.4); telephone conference with trustee regarding same (.1); review of issues regarding additional claims against Debtor (.4); correspondence with M. O'Brien regarding discovery matters (.1) | 1.5 | (1)(b) Unreasonable Time - Total Time Expended on Discovery |
| Aug. 28, 2013 | JFP | Review of discovery matters and status (.2); telephone conference with trustee regarding same (.1); correspondence with M. O'Brien regarding same (.1) | .4 | (1)(b) Unreasonable Time - Total Time Expended on Discovery |
| Sept. 17, 2013 | JFP | Review and revision of draft complaint regarding fraudulent transfers by Debtor and Klarchek Trust, detailing Debtor's pattern of fraudulent transfers and, therefore, evidencing fraudulent intent in connection with TBE transfer (2.5); correspondence with P. Smoots regarding related comments (.1); review of Debtor's answer to amended complaint and motion to dismiss Counts II - V (.3); telephone conference with M. O'Brien regarding Debtor's objections to requests to admit (.1); correspondence with trustee regarding same (.3) | 3.3 | (1)(b) Unreasonable Time - Total Time Expended on Discovery |
| Sept. 18, 2013 | JFP | Review of discovery issues and documents relating to trustee's requests to admit to Debtor and Debtor's objections to same (.8); correspondence with trustee regarding proposed response to Debtor's objections to requests to admit (.8) | 1.6 | (1)(b) Unreasonable Time - Total Time Expended on Discovery |
| Sept. 19, 2013 | JFP | Correspondence with trustee regarding TBE discovery and adversary issues (.2); telephone conference with trustee regarding same (.4); review of Debtor's motion to dismiss Counts II - V of amended complaint (Debtor's third motion to dismiss) (.2); review of Debtor's motion for protective order regarding requests | 3.9 | (1)(b) Unreasonable Time - Total Time Expended on Discovery |

| Date | | Description | Hours | Category |
|------|---|-------------|-------|----------|
| | | to admit (.2); research regarding motion to strike Debtor (third) motion to dismiss based on Rules 12(g) and (h) (2.9) | | (1)(a) Unreasonable Time - Total Research Time Expended |
| Sept. 20, 2013 | JFP | Research regarding Rule 12(g) and (h) issues (.5); preparation of motion to strike Debtor's motion to dismiss based on Rule 12(g) and (h) (1.3); telephone conference (.1) with trustee regarding same; correspondence with trustee regarding same (.1); review of discovery issues relating to requests to admit to Debtor and M. Klarchek (.2); correspondence with trustee regarding Debtor's objection to requests to admit (.3) | 2.5 | (1)(a) Unreasonable Time - Total Research Time Expended; and (1)(b) - Total Time Expended on Discovery |
| Sept. 23, 2013 | JFP | Study of and research regarding factual and legal issues regarding Debtor's motion for protective order relating to requests to admit (2.5); preparation of 10 page response to Debtor's motion for protective order (6.5); telephone conference with trustee regarding same (.1); correspondence with trustee regarding same (.2) | 9.3 | (1)(a) Unreasonable Time - Total Research Time Expended |
| Sept. 24, 2013 | JFP | Review of issues and documents regarding Debtor's pattern/plan of fraudulent transfers to M. Klarchek and relevance of same to actual fraud claims in TBE adversary (.6); correspondence with trustee regarding same (.5); telephone conference with trustee regarding same (.3); research regarding Stern v. Marshall issues relating to adversary proceeding (.5) | 1.9 | (1)(a) Unreasonable Time - Total Research Time Expended |
| Sept. 25, 2013 | JFP | Research regarding jurisdictional issues relating to adversary proceeding and review of related cases (1.8); prepare for and attend hearing on Debtor's motion to dismiss Counts II - V and for protective order regarding requests to admit (.8); conference with trustee regarding same (.2); review of issues and chronology regarding fraudulent transfer of Debtor's assets to M. Klarchek (.5) | 3.3 | (1)(a) Unreasonable Time - Total Research Time Expended |
| Sept. 30, 2013 | JFP | Review of Debtor's settlement proposal (.3); conference with trustee regarding same (.2); further review of settlement proposal (.3); correspondence with G. Stern, P. Bauch, R. Peterson and H .Rosen regarding same (.1) | .9 | |
| Oct. 3, 2013 | JFP | Review of Debtor settlement issues (.1); telephone conferences with trustee regarding same (.1); telephone conference with P. Wolin regarding same (.1) | .3 | |

| Oct. 16, 2013 | JFP | Further research regarding issues raised by Debtor's motion to dismiss Count II - V (claims based on actual fraud, constructive fraud, 544(b)/sole intent, 544(b)/Federal Debt Collection Procedures Act, 522(o) and 522(p) (1.0); preparation of 11 page response to same, including jurisdiction issues (7.5) | 8.5 | (1)(a) Unreasonable Time - Total Research Time Expended |
|---|---|---|---|---|
| Oct. 21, 2013 | JFP | Research regarding relevance of course and pattern of conduct, including subsequent acts, to intention to hinder, delay or defraud in connection with a fraudulent transfer (in connection with Debtor's motion for protective order regarding requests to admit, where the Debtor argues that requests relating to transfers other than the TBE transfer are irrelevant to the TBE adversary and need not be answered), including Smiley, Farmers Co-op, Berland, Chavin and Collier commentary (2.7); correspondence with trustee regarding same (.4); telephone conference with trustee regarding same (.1) | 3.2 | (1)(a) Unreasonable Time - Total Research Time Expended |
| Oct. 22, 2013 | JFP | Further research regarding legal issues relating to Debtor's motion for protective order regarding request to admit (1.8); attend hearing on protective order motion and TBE adversary status (.6); conference with trustee regarding related issues (.2) | 2.6 | (1)(a) Unreasonable Time - Total Research Time Expended |
| Oct. 23, 2013 | JFP | Review of discovery issues | .2 | (1)(b) Unreasonable Time - Total Time Expended on Discovery |
| Nov. 5, 2013 | JFP | Review of Debtor's reply in support of (third) motion to dismiss (.4); correspondence with trustee regarding same (.2) | .6 | |
| Nov. 6, 2013 | JFP | Research regarding issues raised by Debtor's reply in support of motion to dismiss Counts II - V, including Debtor's claims that TBE property is consistent with one spouse holding the exclusive power of direction over a land trustee, that Illinois TBE property is exempt under 522(b)(3)(B), not 522(b)(3)(A), and, therefore, not subject to 522(o) and (p), that 544(b) does not allow avoidance pursuant to applicable federal law, including the Federal Debt Collection Procedures Act, and that Butner prohibits use of federal law to avoid fraudulent transfers | 7.4 | (1)(a) Unreasonable Time - Total Research Time Expended |
| Nov. 7, 2013 | JFP | Further research regarding and analysis of issues raised by Debtor in reply in support of motion to dismiss Counts II - V (2.5); preparation of surreply to Debtor's | 9.5 | (1)(a) Unreasonable Time - Total Research Time Expended |

reply (6.2); preparation of motion for leave to file same (.8)

| | | | |
|---|---|---|---|
| Nov. 8, 2013 | JFP | Further preparation of 11 page surreply to Debtor's motion to dismiss Counts II - V of amended complaint, addressing Illinois TBE, land trust, power of direction, 522(b)(3)(A) and (B), 522 (o) and (p), 544(b) and Butner issues | 10.4 |
| Nov. 9, 2013 | JFP | Review of tenancy by the entirety and fraudulent transfer issues (.3); telephone conference with trustee regarding same (.4) | .7 |

| | | | | |
|---|---|---|---|---|
| Dec. 4, 2013 | JFP | Research regarding issues regarding trustee's right to compel sale of condominium free and clear of interest of M. Klarchek (.8); telephone conference with trustee regarding same (.2); telephone conference with trustee and P. Smoots regarding TBE litigation strategy (.2) | 1.2 | (1)(a) Unreasonable Time - Total Research Time Expended |
| Dec. 10, 2013 | JFP | Review and revision of trustee's second set of document requests to all defendants(.7); correspondence with P. Smoots regarding same (.1) | .8 | (1)(b) Unreasonable Time - Total Time Expended on Discovery |
| Dec. 16, 2013 | JFP | Review of documents produced by Debtor relating to other potential fraudulent transfers (.4); research regarding postpetition sale of TBE property and whether sale proceeds remain exempt under Illinois law, including Knudsen and Bradshaw cases (1.8); correspondence with trustee regarding same (.4) | 2.6 | (1)(b) Unreasonable Time - Total Time Expended on Discovery; and (1)(a) Total Research Time Expended |
| Jan. 2, 2014 | JFP | Review discovery and potential settlement matters (.3) telephone conference with trustee regarding same (.1) | .4 | (1)(b) Unreasonable Time - Total Time Expended on Discovery |
| Jan. 8, 2014 | JFP | Review of TBE discovery and Klarchek trust documents relating to fraudulent intent issues in TBE adversary | .4 | (1)(b) Unreasonable Time - Total Time Expended on Discovery |
| Jan. 13, 2014 | JFP | Review of discovery status and issues | .5 | |
| Jan. 14, 2014 | JFP | Review of defendants' discovery responses and issues raised by same | .6 | (1)(b) Unreasonable Time - Total Time Expended on Discovery |
| Jan. 15, 2014 | JFP | Review of discovery issues and documents produced by defendants | .4 | |
| March 3, 2014 | JFP | Review of TBE and fraudulent transfer issues relating | .4 | |

| | | to Debtor's condominium | | (1)(a) Unreasonable Time - Total Research Time Expended |
|---|---|---|---|---|
| March 4, 2014 | JFP | Research regarding TBE and related fraudulent transfer issues | 1.0 | (1)(a) Unreasonable Time - Total Research Time Expended |
| March 26, 2014 | JFP | Research regarding TBE exemptions and loss of exemption status upon postpetition sale (1.4); telephone conference with trustee regarding same (.1); correspondence with trustee regarding same (.2) | 1.7 | (1)(a) Unreasonable Time - Total Research Time Expended |
| March 27, 2014 | JFP | Telephone conference with trustee regarding TBE exemption issues following postpetition sale of TBE property | .1 | |

**TOTAL MATTER HOURS:**          **286.8**

**FEES:**      **John F. Pollick (JFP):      286.8 Hours @ $350/hour.......... $100,380.00**

**Matter:** **Avoidance of Private Bank Mortgages**

| Date | Attorney | Description | Hours |
|------|----------|-------------|-------|
| Jan. 7, 2013 | JFP | Review of legal and factual issues regarding proposed Private Bank settlement relating to Chicago condominium | .4 |
| Jan. 8, 2013 | JFP | Review of Private Bank settlement proposal issues and telephone conferences with J. Gansberg and P. Wolin regarding same | .5 |
| Jan. 9, 2013 | JFP | Research regarding validity of documents signed by land trustee beneficiary but not land trustee (such as Private Bank's 2009 $2.865 million on Debtor's condominium) and related land trust issues (2.3); study of Private Bank's numerous mortgages on Debtor's condominium (9 plus several amendments) and related promissory notes and credit agreements and factual and legal issues relating to same (3.6) | 5.9 |
| Jan. 10, 2013 | JFP | Study of issues, documents and schedules relating to settlement proposal of Private Bank (1.5); telephone conference with P. Wolin regarding settlement issues (.4); research regarding defective legal descriptions in recorded mortgages and authority of beneficiary to sign for land trustee (1.1); telephone conference with J. Gansberg regarding settlement issues (.4) | 3.4 |
| Jan. 11, 2013 | JFP | Telephone conference with trustee regarding settlement matters (.5); study of Private Bank settlement issues (.4) | .9 |
| Jan. 15, 2013 | JFP | Review of Private Bank loan and settlement issues (.3); correspondence with J. Gansberg regarding Private Bank loan issues (.5); conference with P. Wolin regarding same (.4) | 1.2 |
| Jan. 17, 2013 | JFP | Review of issues regarding proposed settlement with Private Bank relating to mortgages on Chicago condominium and telephone conference with trustee regarding same | .6 |
| Jan. 21, 2013 | JFP | Research regarding authority of beneficiary to execute documents affecting title on behalf of land trust and | 2.3 |

|  |  | related power of direction issues under land trust agreement |  |
| --- | --- | --- | --- |
| Jan. 22, 2013 | JFP | Further research regarding land trustee and power of direction issues in connection with Private Bank mortgage executed by Debtor and wife, rather than land trustee | .8 |
| Jan. 23, 2013 | JFP | Telephone conference with P. Wolin regarding Private Bank settlement and document issues (.2); telephone conference with J. Gansberg regarding same (.1) | .3 |
| Jan. 25, 2013 | JFP | Telephone conference with J. Gansberg regarding Private Bank documents (.1); correspondence with J. Gansberg regarding same (.1); review of documents and research regarding Private Bank mortgage issues (.7) | .9 |
| Feb. 8, 2013 | JFP | Correspondence with J. Gansberg regarding Private Bank document production (.1); telephone conference with J. Gansberg regarding same (.1) | .2 |
| Feb. 11, 2013 | JFP | Correspondence with J. Gansberg regarding Private Bank document production | .2 |
| Feb. 15, 2013 | JFP | Further correspondence with J. Gansberg regarding Private Bank loan document production | .1 |
| Feb. 21, 2013 | JFP | Review of Private Bank newly produced mortgage loan documents (.7); correspondence with trustee and P. Wolin regarding condominium issues (.2); telephone conference with P. Wolin regarding same (.1) | 1.0 |
| Feb. 22, 2013 | JFP | Telephone conference with P. Wolin regarding Private Bank mortgage and settlement issues | .5 |
| Feb. 28, 2013 | JFP | Review of legal and factual issues relating to validity and avoidability of Private Bank mortgages (.2); telephone conference with trustee regarding same (.1) | .3 |
| March 7, 2013 | JFP | Correspondence with J. Gansberg regarding Private Bank and tolling issues (.3); telephone conference with J. Gansberg regarding same (.1) | .4 |
| April 16, 2013 | JFP | Preparation of and revision of proposed tolling agreement with Private Bank (1.8); correspondence | 2.4 |

with trustee regarding same (.2); correspondence (x2)
with attorney for bank regarding proposed tolling
agreement (.3); telephone conference with attorney
for bank regarding same (.1)

| April 17, 2013 | JFP | Correspondence with J. Gansberg regarding proposed Private Bank tolling agreement (.1); telephone conference with J. Gansberg regarding same (.2) | .3 |
|---|---|---|---|
| April 18, 2013 | JFP | Review of Private Bank tolling agreement issues (.2) telephone conference with trustee regarding same (.1); correspondence with J. Gansberg regarding Private Bank tolling agreement matters (.1); telephone conference with J. Gansberg regarding same (.1) | .5 |
| April 19, 2013 | JFP | Preparation of motion for authority to enter into tolling agreement with Private Bank, related order and notice of motion (3.2); correspondence (x2) with trustee regarding same (.3); telephone conference with trustee regarding same (.1); revision of motion for authority (.3); correspondence with J. Gansberg regarding same (.1); telephone conference with J. Gansberg regarding same (.1); e-filing of motion for authority to enter into tolling agreement (.2) | 4.3 |
| April 22, 2013 | JFP | Review of discovery and settlement issues regarding Private Bank (.6); telephone conference with trustee regarding same (.3) | .9 |
| April 24, 2013 | JFP | Attend hearing regarding motion for leave to enter into tolling agreement with Private Bank | .4 |
| June 6, 2013 | JFP | Study of numerous Private Bank mortgage and loan documents, including description of debt secured by same and related cross-collateralization provisions and research regarding whether earlier Private Bank liens secured subsequently created debt secured by new but avoidable mortgage | 3.0 |
| June 7, 2013 | JFP | Study of Private Bank mortgage documents and issues (1.2); conference with trustee with trustee regarding same (.3) | 1.5 |
| June 28, 2013 | JFP | Research regarding legal issues relating to avoidance and validity of Private Bank mortgages, including applicability of cross-collateralization provisions in | 1.0 |

|  |  | light of trustee's 544(a) powers, lack of knowledge thereunder and 7th Circuit's Banterra decision | |
|---|---|---|---|
| July 2, 2013 | JFP | Review of Private Bank mortgage issues, including whether cross-collateral provisions secure debt secured by avoided or void lien | .5 |
| July 9, 2013 | JFP | Correspondence with J. Gansberg regarding settlement discussions (.1); telephone conference with J. Gansberg regarding same (.1) | .2 |
| Aug. 2, 2013 | JFP | Further research regarding lien avoidance issues relating to Private Bank mortgages | 1.5 |
| Aug. 9, 2013 | JFP | Study of claims against Private Bank and legal matters relating to same | 1.2 |
| Aug. 14, 2013 | JFP | Correspondence with J. Gansberg regarding Private Bank tolling agreement matters (.2); telephone conference with J. Gansberg regarding tolling, bankruptcy and settlement issues (.6) | .8 |
| Aug. 19, 2013 | JFP | Telephone conference with trustee regarding Private Bank issues (.1); telephone conference with J. Gansberg regarding same (.1) | .2 |
| Aug. 30, 2013 | JFP | Review of tolling agreement issues (.1); correspondence (x2) with J. Gansberg regarding extension of same (.2) | .3 |
| Sept. 16, 2013 | JFP | Review of Private Bank settlement proposal and related issues | .6 |
| Sept. 27, 2013 | JFP | Correspondence with J. Gansberg regarding Private Bank issues (.2); review of issues relating to settlement offer of Private Bank (.2) | .4 |
| Oct. 1, 2013 | JFP | Review of Private Bank settlement issues (.1); telephone conference with J. Gansberg regarding settlement proposal and tolling agreement matters (.1) | .2 |
| Oct. 3, 2013 | JFP | Telephone conference J. Gansberg regarding extension of Private Bank tolling agreement (.1); correspondence with J. Gansberg regarding same (.1) | .2 |
| Oct. 25, 2013 | JFP | Correspondence with J. Gansberg regarding Private Bank tolling agreement | .1 |

| | | | |
|---|---|---|---|
| Jan. 3, 2014 | JFP | Review of issues regarding possible settlement of TBE adversary and claims against Private Bank (.8); telephone conference with trustee and J. Gansberg regarding same (.2); research regarding avoidance issues relating to Private Bank mortgages (.3) | 1.3 |
| Jan. 7, 2014 | JFP | Study of Private Bank mortgages and related avoidance issues | 1.0 |
| Jan. 8, 2014 | JFP | Telephone conferences with trustee regarding Private Bank tolling matters (.1); telephone conference with J. Gansberg regarding same (.1); review of documents and legal issues and legal research relating to claims against Private Bank, including avoidance of certain Private Bank mortgages as preferences and whether debt secured by avoidable mortgages would be secured under the cross-collateral or loan renewal/replacement language of prior unavoidable mortgages (4.0) | 4.2 |
| Jan. 10, 2014 | JFP | Further research regarding cross-collateralization issues and replacement/renewal of old debt v. creation of new debt (novation) in connection with unavoidable and avoidable Private Bank mortgages (.7); prepare for and attend meeting with trustee, J. Gansberg and J. Proctor regarding claims against Private Bank and possible settlement of same (1.5); further review of settlement issues (.3) | 2.5 |
| Jan. 13, 2014 | JFP | Review of financial and legal issues relating to proposed settlement offer to offer to Private Bank (.6); telephone conference with trustee regarding same (.3) | .9 |
| Jan. 15, 2014 | JFP | Telephone conference with J. Gansberg regarding Private Bank settlement issues | .3 |
| Jan. 31, 2014 | JFP | Review of proposed revision of settlement offer to Private Bank and research regarding related issues (.6); correspondence with trustee regarding same (.3) | .9 |
| Feb. 3, 2014 | JFP | Further research regarding novation versus loan renewal issues in connection with Private Bank's 2009 $2.865 million mortgage and review of related documents (5.2); correspondence with trustee regarding | 6.0 |

legal and factual issues regarding same (.8)

| | | | |
|---|---|---|---|
| Feb. 21, 2014 | JFP | Review of lien avoidance and settlement issues regarding Private Bank mortgages (.7); prepare for and attend settlement conference with counsel for Private Bank, Private Bank representatives and trustee (1.7) | 2.4 |
| March 5, 2014 | JFP | Review of Private Bank settlement issues (.3); telephone conference with trustee regarding same (.2) | .5 |
| March 7, 2014 | JFP | Review of claims against Debtor and M. Klarchek and issues regarding proposed settlement with Private Bank relating to condominium matters | .6 |
| March 10, 2014 | JFP | Review and substantial revision of proposed motion to approve settlement with Private Bank (1.6); correspondence with trustee regarding same (.1); study of issues and documents regarding proposed Private Bank settlement, preparation of 10 page settlement agreement (6.9); correspondence with trustee regarding same (.1) | 8.7 |
| March 11, 2014 | JFP | Review and revision of proposed settlement agreement with Private Bank and motion to approve same (.7); correspondence with trustee regarding same (.1) | .8 |
| March 21, 2014 | JFP | Further revision of proposed Private Bank Bank settlement agreement and related motion to approve settlement (1.8); telephone conference trustee regarding various settlement issues (.5); correspondence regarding motion to approve settlement and revised agreement (.1) | 2.4 |
| March 31, 2014 | JFP | Telephone conference with J. Gansberg regarding settlement and tolling agreement issues (.1); correspondence with J. Gansberg regarding same (.1); review of settlement agreement revisions of Private Bank and related issues (.6); correspondence with trustee regarding same (.2) | 1.0 |
| April 1, 2014 | JFP | Review of Private Bank settlement matters | .2 |
| April 4, 2014 | JFP | Telephone conference with trustee and J. Gansberg regarding Private Bank settlement matters | .3 |

| April 7, 2014 | JFP | Review of Private Bank settlement agreement and related issues and documents and revision of motion to approve settlement (2.5); e-filing of motion to approve settlement and related documents (.3); correspondence with trustee regarding same (.2) | 3.0 |
|---|---|---|---|
| April 8, 2014 | JFP | Review and revision of proposed motion in TBE adversary for entry of dismissal order in connection with Private Bank settlement and correspondence with P. Smoots regarding same | .7 |
| April 9, 2014 | JFP | Telephone conferences with P. Smoots and trustee regarding Private Bank settlement matters and related claims of M. Klarchek (.5); telephone conference with P. Bauch regarding same (.1); correspondence with P. Bauch regarding same (.2) | .8 |
| April 10, 2014 | JFP | Review of Private Bank tolling agreement matters (.1); correspondence with J. Gansberg regarding same (.1) | .2 |
| April 29, 2014 | JFP | Prepare for and attend hearing on motion to settle disputes with Private Bank (1.6); conference with A. Pille regarding same (.2) telephone conference with trustee regarding same (.2) | 2.0 |
| April 30, 2014 | JFP | Review of P. Bauch's proposed revisions to order approving Private Bank settlement and dismissal of TBE adversary (.2); telephone conference with trustee regarding same (.1); review of legal description of condominium and preparation of correspondence with P. Bauch regarding same (.4); correspondence with P. Bauch regarding trustee's proposed revisions to settlement order (.2) | .9 |
| May 5, 2014 | JFP | Correspondence with P. Bauch regarding proposed order approving settlement with Private Bank (.1); review and revision of proposed order (.4); telephone conference with trustee regarding same (.1); correspondence with court regarding draft orders approving settlement and dismissing adversary (.2) | .8 |
| May 7, 2014 | JFP | Correspondence with J. Gansberg regarding settlement agreement matters (.2); review of settlement order matters (.1) | .3 |

| May 12, 2014 | JFP | Review of court orders approving Private Bank settlement and dismissal of adversary proceeding (.1); correspondence with trustee regarding same and timing of settlement payments (.4); correspondence with J. Gansberg regarding settlement payment, timing matters and extension of tolling period. (.4) | .9 |
| May 13, 2014 | JFP | Correspondence with J. Gansberg and trustee regarding Private Bank settlement and tolling matters | .2 |

**TOTAL MATTER HOURS:**                          **84.2**

**FEES:**        **John F. Pollick (JFP): 84.2 Hours @ $350/hour..........**   **$29,470.00**

**Matter:**  **Fee Petition**

| Date | Attorney | Description | Hours |
|------|----------|-------------|-------|
| June 4, 2014 | JFP | Working on JFPPC fee application | 3.5 |
| July 2, 2014 | JFP | Preparation of JFPPC first and final fee application | 4.5 |

**TOTAL MATTER HOURS:** 8.0

**FEES:**   **John F. Pollick (JFP): 8.0 Hours @ $350/hour..........** $2,800.00

| RECAP: | Matter | Hours | Fee ($) |
|--------|--------|-------|---------|
| | **TBE Adversary** | **286.8** | **100,380.00** |
| | **Avoidance of Private Bank Mortgages** | **84.2** | **29,470.00** |
| | **Fee Petition** | **8.0** | **2,800.00** |
| **TOTALS:** | | **379.0** | **132,650.00** |