**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | **Chapter 7** |
| | ) | **Case No. 10-44866** |
| **RICHARD J. KLARCHEK,** | ) | |
| | ) | **Hon. Timothy A. Barnes** |
| **Debtor.** | ) | |
| | ) | **Hearing date: July 15, 2015** |
| | ) | **Hearing time: 10:00 a.m.** |

**NOTICE OF MOTION**

**TO:    PERSONS LISTED ON THE ATTACHED SERVICE LIST**

      **PLEASE TAKE NOTICE THAT** on **Wednesday, July 15, 2015**, at the hour of **10:00 a.m.,** the undersigned shall appear before the Honorable Timothy A. Barnes, United States Bankruptcy Judge or any judge sitting in his stead, at 219 S. Dearborn Street, Courtroom 613, Chicago, Illinois, and shall then and there present the Trustee's **APPLICATION TO EMPLOY LESLIE HINDMAN AUCTIONEERS, INC. AS AUCTIONEERS AND MOTION TO USE, SELL OR LEASE PROPERTY OTHER THAN IN THE ORDINARY COURSE OF BUSINESS PURSUANT TO BANKRUPTCY CODE § 363(b) AND FOR RELATED RELIEF ("Motion"),** a copy of which is attached hereto and hereby served upon you.

Dated:  June 26, 2015              Richard J. Mason, Chapter 7 Trustee of the
Bankruptcy Estate of Richard J. Klarchek


By: /s/ Patricia K. Smoots
             One of his Attorneys


Richard J. Mason, P.C.
Patricia K. Smoots
McGuireWoods LLP
77 West Wacker Drive
Suite # 4100
Chicago, Illinois  60601-1815
(312) 849-8100

1

## CERTIFICATE OF SERVICE

I, Patricia K. Smoots, do hereby certify that, on this 26th day of June, 2015, I caused the above described **Notice of Motion** and **APPLICATION TO EMPLOY LESLIE HINDMAN AUCTIONEERS, INC. AS AUCTIONEERS AND MOTION TO USE, SELL OR LEASE PROPERTY OTHER THAN IN THE ORDINARY COURSE OF BUSINESS PURSUANT TO BANKRUPTCY CODE § 363(b) AND FOR RELATED RELIEF,** to be served through the Court's electronic filing system on all persons who have consented to such service (listed below) and by depositing copies in the mail for U.S. Mail delivery, proper postage prepaid, addressed to all other persons on the attached Service List.

/s/   Patricia K. Smoots

KLARCHEK – SERVICE LIST

Office of the US Trustee
219 S. Dearborn
Suite 873
Chicago, IL 60604

Richard J Klarchek
875 North Michigan Avenue
Suite 3800
Chicago, IL 60611

Leslie Hindman Auctioneers, Inc.
1138 West Lake St.
Chicago, IL 60607

SCHEDULED CREDITORS

Delaware Place Bank
190 East Delaware Place
Chicago, IL 60611-1814

Bank of America
P.O. Box 660576
Dallas, TX  75266

The Northern Trust Co.
50 South LaSalle Street
Chicago, IL 60675

Suburban Bank & Trust Company
P.O. Box 419
Elmhurst, IL 60126-0419

American Express
c/o Becket and Lee LLP
P.O. Box 3001
Malvern, PA 19355

Ally Financial
200 Renaissance Center
Detroit, MI 48243

Kubota Credit Corporation
1025 Northbrook Parkway
Suwanee, GA 30024

MB Financial Bank
800 W. Madison Street
Chicago, IL 60607

Kenneth M. Lodge Esq.
Locke Lord Bissell & Liddell LLP
111 South Wacker Drive
Chicago, IL 60606

TCF National Bank
800 Burr Ridge Parkway
Burr Ridge, IL 60527

The Northern Trust Co.
50 South LaSalle Street
Chicago, IL 60675

The Private Bank
920 S. Waukegan Road
Lake Forest, IL 60045

Illinois Department of Revenue
Bankruptcy Section
P.O. Box 64338
Chicago, IL 60664-0338

Internal Revenue Service
P.O. Box 21126
Philadelphia, PA 19114

1st Source Bank
P.O. Box 783
South Bend, IN  46624

ACE USA
Dept. CH 14089
Palatine, IL 60055

Keenan Marine Insurance
505 White Plains Road
Suite 108
Tarrytown, NY 10591

American Express
c/o Becket and Lee LLP
P.O. Box 3001
Malvern, PA 19355

Capmark Finance Inc.
c/o Barnes & Thornberg, LLC
11 South Meridian St.
Indianapolis, IN 46203

Chase
P.O. Box 15298
Wilmington, DE  19850

Chicago, Title Insurance Company
171 North Clark Street
Suite 575
Chicago, IL  60601-3294

Citibank S.D.N.A.
Attn: Centralized Bankruptcy
P.O. Box 20507
Kansas City, MO 64195

DSNB Bloomingdale's
Bloomingdale's Bankruptcy
P.O. Box 8053
Mason, OH 45040

Dunnico Inc.
P.O. Box 283
Syracuse, IN 46567

Michael P. O'Hara, Esq.
Barrett & McNagny
215 East Berry Street
Fort Wayne, IN 46802

R. Steven Hearn
Office of the Prosecuting Attorney
121 North Lake Street
Warsaw, IN  46580

Fifth Third Bank
222 South Riverside Plaza
Chicago, IL 60606

Fifth Third Bank
38 Fountain Square Plaza
Cincinnati, OH 45263

First Chicago
1040 W. Randolph
Chicago, IL 60607

Gibus Labus & Silverman, LLC
223 W. Jackson Blvd., #750
Chicago, IL 60606

Cardmember Services
P.O. Box 6353
Fargo, ND  58125-6353

MB Financial Bank
1200 N. Ashland Ave.
Chicago, IL 60622

Mercedes Benz Financial
36455 Corporate Dr.
Farmington Hills, MI  48331

Michelle M. Klarchek
132 E. Delaware St.
Unite 6302
Chicago, IL 60611

NorStates Bank
1601 N. Lewis Avenue
Waukegan, IL 60079

Suburban Bank & Trust Company
P.O. Box 419
Elmhurst, IL 60126-0419

Robbins Salomon & Patt Ltd.
25 East Washington Street
Suite 1000
Chicago, IL 60602

Textron Financial
11575 Great Oaks Way
Alpharetta, GA  30022

John A. Tarantino, Esq.
Adler Pollock & Sheehan PC
One Citizens Plaza, 8th Floor
Providence, RI 02903

The Northern Trust Co.
50 South LaSalle Street
Chicago, IL 60675

Levenfeld Pearlstein
2 North LaSalle Street
13th Floor
Chicago, IL 60602

UBS Real Estate Investments, Inc.
1285 Avenue of the Americas, 11th Floor
New York, NY  10019

Cole Meisel Forman & Leonard PA
Courth Plaza North
Hackensack, NJ  07601

Village Bank & Trust as successor by
Merger with the First Northwest Bank
234 Northwest Highway
Arlington Heights, IL 60004

Village of Glenview
c/o Eric G. Patt, Esq.
Robbins Solomon & Patt, Ltd.
2222 Chestnut Ave., #101
Glenview, IL  60025

Weiger Family Living Trust 6
c/o Kaplan & Greenswag, LLC
181 Waukegan, #301
Winnetka, IL 60093

Wells Fargo Bank Minnesota NA
101 N. Phillips Avenue
Sioux Falls, SD  57104

Miller Canfield Paddock & Stone PLC
840 West Long Lake Road
Suite 200
Troy, MI 48098

Wells Fargo Bank NA
c/o Orix Capital Markets, Spec Servicer
1717 Main Street, #1100
Dallas, TX  75201

David Audley Esq.
Chapman & Cutler LLP
111 West Monroe Street
Chicago, IL 60603-4080

Wells Farbo Bank NA
c/o Dennis G. Bonucchi Esq.
840 West Long Lake Road, Suite 200
Troy, MI 48098

Wolin Keiter & Rosen, Ltd.
55 W. Monroe Street
Suite 3600
Chicago, IL 60603

Suburban Bank & Trust Company
P.O. Box 419
Elmhurst, IL 60126-0419

NorStates Bank
1601 N. Lewis Avenue
Waukegan, IL 60079

1st Source Bank
P.O. Box 783
South Bend, IN 46624

Wells Fargo Bank Minnesota N.A.
101 N. Phillips Avenue
Sioux Falls, SD 57104

First Chicago
1040 W. Randolph
Chicago, IL 60607

Capmark Finance, Inc.
c/o Barnes & Thornberg LLC
11 South Meridian

Textron Financial
11575 Great Oaks Way
Alpharetta, GA 30022

Ally Financial
200 Renaissance Center
Detroit, MI 48243

Fifth Third Bank
222 South Riverside Plaza
Chicago, IL 60606

Wells Fargo Bank N.A.
c/o Orix Capital Markets, Spec' Servicer
1717 Main Street, #1100
Dallas, TX  75201

The Northern Trust Co.
50 South LaSalle Street
Chicago, IL 60675

Dunnico, Inc.
P.O. Box 283
Syracuse, IN 46567

Delaware Place Bank
190 East Delaware Place
Chicago, IL 60611-1814

UBS Real Estate Investments, Inc.
1285 Avenue of the Americas
11th Floor
New York, NY 10019

First Chicago
1040 W. Randolph
Chicago, IL 60607

Gilson Labus & Silverman, LLC
223 W. Jackson Blvd., #750
Chicago, IL 60606

Cole Meisel Forman & Leonard, P.A.
Court Plaza North
Hackensack, NJ 07601

Village of Glenview
c/o Eric G. Patt, Esq.
Robbins Solomon & Ptt, Ltd.
2222 Chestnut Ave. #101
Glenview, IL 60025

Office of the US Trustee
Region 11
219 S. Dearborn Street, Room 873
Chicago, IL 60604

The Private Bank
920 S. Waukegan Road
Lake Forest, IL 60045

PROOFS OF CLAIM

Ally Financial, Inc.
f/k/a GMAC, Inc.
P.O. Box 130424
Roseville, MN  55113

Dunnico Inc.
c/o Michael P. O'Hara
Barrett & McNagy LLP
215 E. Berry St.
Fort Wayne, IN 46802

Department Stores National
Bank/Bloomingdales
Bankruptcy Processing
P.O. Box 8053
Mason, OH  45040

DCFS USA, L.L.C.
c/o Kathryn A. Klein
Riezman Berger PC
7700 Bonhomme 7th floor
St. Louis, MO 63105

Department of the Treasury
Internal Revenue Service
P.O. Box 7346
Philadelphia, PA  19101-7346

NorStates Bank
c/o Michael L. Sherman
120 S. LaSalle
Chicago, IL 60601

Chase Bank USA, NA
P.O. Box 15145
Wilmington, DE 19850-5145

Kubota Credit Corporation
P.O. Box 829009
Dallas, TX 75382

Delaware Place Bank
200 S. Wacker Dr.
Suite 3000
Chicago, IL 60606

American Express Bank, FSB
c/o Becket and Lee LLP
P.O. Box 3001
Malvern, PA 19355-0701

American Express Centurion Bank
c/o Becket and Lee LLP
POB 3001
Malvern, PA  19355-0701

Fifth Third Bank
1701 Golf Road
Tower One
Rolling Meadows, IL 60008

Jefferson Pilot Investments, Inc.
c/o Lauren Nachinson Esq.
Quarles & Brady LLP
300 N. LaSalle Street
Suite 4000
Chicago, IL 60654

The PrivateBank & Trust Co.
c/o Much Shelist
S. DeGraff/J. Gansberg
191 N. Wacker Dr., #1800
Chicago, IL 60606

The Northern Trust Co.
William S. Schwartz
Levenfeld Pearlstein
2 N. LaSalle Street
Suite 1300
Chicago, IL  60602

Spurlino Materials
4000 Oxford State Road
Middleton, OH 45044

Bank of America N.A.
As successor by Merger to
Barnes & Thornburg LLP
11 South Meridian St.
Indianapolis, IN 46802

Bank of America
c/o Barnes & Thornburg
1 N. Wacker Dr.
Suite 400
Chicago, IL 60606

Capmark Finance, Inc.
c/o Barnes & Thornburg, LLP
1 N. Wacker Drive, Suite 4400
Chicago, IL 60606

Bank of America N.A.
c/o Richard H. Porter
Gonzalez Saggio & Harlan LLP
225 E. Michigan 4th Fl.
Milwaukee, WI 53202

1st Source Bank
P.O. Box 783
South Bend, IN 46624

U.S. Bank National Association
As Trustee
c/o Timothy S. McFadden
One North Wacker Drive
Suite 4400
Chicago, IL 60606

Michelle Klarchek
53 W. Jackson Blvd., Suite 1115
Chicago, IL 60604

U.S. Bank
National Association as Trustee
c/o Kathleen A. Stesko
Perkins Coie LLP
131 S. Dearborn St., Suite 1700
Chicago, IL 60603

Wells Fargo Bank N.A.
c/o James Allen Esq. and Megan Odell
840 West Long Lake Road, Suite 200
Trey, MI 48098

Wells Fargo as Trustee
c/o Ken Krejca
18W140 Butterfield Road, Suite 960
Oak Brook Terrace, IL 60181

Suburban Bank & Trust Company
John A. Benson, Jr.
Belongia Shapiro & Franklin LLP
20 South Clark Street #300
Chicago, IL 60603

Textron Financial Corporation
c/o Seth A. Albin
Thompson Coburn LLP
One US Bank Plaza
St. Louis, MO  63101

Suburban Bank & Trust Company
John A. Benson JR.
Belongia Shapiro & Frankin LLP
20 South Clark Street, #300
Chicago, IL 60603

MB Financial Bank
800 W. Madison Street
Chicago, IL 60607

First Chicago Bank & Trust
77 West Wacker Drive
Suite 3100
Chicago, IL  60601

Illinois Department of Revenue
Bankruptcy Section
P.O. Box 64338
Chicago, IL  60664-0338

Village Bank & Trust as successor by
merger with
First Northwest Bank
234 Northwest Highway
Arlington Heights, IL 60004

TCF National Bank
c/o Vincent T. Borst
Robbins Salomon & Patt Ltd.
25 E. Washington St., Suite 1000
Chicago, IL 60602

Oxford Bank and Trust
1111 West 22nd Street, Suite 800
Oak Brook, IL 60523

Wisconsin Department of Revenue
Special Procedures Unit
P.O. Box 8901
Madison, WI 53708-8901

Cook County Treasurer's Office
Legal Department
118 North Clark Street
Room 112
Chicago, IL 60602

Department of the Treasury
Internal Revenue Service
P.O. Box 7346
Philadelphia, PA  19101-7346

Dunnico Inc.
c/o Michael P. O'Hara
Barrett & McNagy LLP
215 E. Berry St.
Fort Wayne, IN 46802

Textron Financial Corporation
c/o Francis X. Buckley Jr.
Thompson Coburn LLP
55 East Monroe Street, 37th Floor
Chicago, IL 60603

Electronic Mail Notice List

The following is the list of parties who are
currently on the list to receive email
notice/service for this case.

Courtney E Barr cbarr@lockelord.com
chicagodocket@lockelord.com
pwilliams@lockelord.com
Paul M Bauch pbauch@bauch-
michaels.com
smohan@bauch-michaels.com
Mark D Belongia
mbelongia@duanemorris.com
marsha.sullivan@duanemorris.com
John A Benson jbenson@belongialaw.com
dwolski@muchshelist.com
sholstrom@muchshelist.com
Michael T. Benz benz@chapman.com
eickmann@chapman.com
Lauren N. Beslow
Lauren.Beslow@quarles.com
Faye.Feinstein@quarles.com
Vincent T Borst vborst@rsplaw.com
Francis X Buckley
fxbuckleyjr@thompsoncoburn.com
aversis@thompsoncoburn.com
Paul Catanese
pcatanese@mcguirewoods.com
docket@mcguirewoods.com
Francisco Connell fconnell@chuhak.com
hcummins@chuhak.com
Catherine A. Cooke ccooke@rsplaw.com

Teresa M Dickinson
tdickinson@statmanharris.com
Kevin C. Driscoll kevin.driscoll@btlaw.com
jriazi@btlaw.com
ddotts@btlaw.com
Marc Ira Fenton mfenton@bupdlaw.com
Richard H Fimoff rfimoff@rsplaw.com
fb@rsplaw.com
Chester H. Foster chf@fosterlegalsvcs.com
dbf@fosterlegalservices.com
Jeffrey L. Gansberg
jgansberg@muchshelist.com
nsulak@muchshelist.com
Matthew T. Gensburg
MGensburg@dandgpc.com
chidocket@gtlaw.com
ChiBkyDocket@gtlaw.com
David J. Gold dgold@perkinscoie.com
jmatamoros@perkinscoie.com
James Hausler james.e.hausler@gmail.com
David L Hazan dlhazan@divergrach.com
Cara M Houck houck@millercanfield.com
evansc@millercanfield.com
David A. Kallick
dkallick@tishlerandwald.com
Alexander D Kerr
akerr@tishlerandwald.com
bmurzanski@tishlerandwald.com
Kathryn A Klein iln@riezmanberger.com
Patrick S Layng
USTPRegion11.ES.ECF@usdoj.gov
David P Lloyd
courtdocs@davidlloydlaw.com
Terri M Long Courts@tmlong.com
Richard J Mason
rmason@mcguirewoods.com
IL54@ecfcbis.com
docket@mcguirewoods.com
cgunderson@mcguirewoods.com
Timothy S. McFadden
tmcfadden@btlaw.com
Kenneth A. Michaels kmichaels@bauch-
michaels.com
pbauch@bauch-michaels.com
Monica C O'Brien gstern1@flash.net
James M Philbrick jmphilbrick@att.net

Ann E Pille ann.pille@dlapiper.com,
apille@reedsmith.com
John F. Pollick johnfpollick@gmail.com
Brian Raynor braynor@lockelord.com
docket@lockelord.com
Christina M Riepel gstern2@flash.net
Travis Rojakovick
trojakovick@lockelord.com
Harold Rosen hrosen@wolinlaw.com
lmategrano@wolinlaw.com
Carolina Y Sales csales@bauch-
michaels.com
William S Schwartz
wschwartz@lplegal.com
Michael L Sherman shermlaw1@aol.com
Shelley Smith ssmith@belongialaw.com
krodriguez@bupdlaw.com
Patricia K. Smoots
psmoots@mcguirewoods.com
David F Standa standa@chapman.com
chicagodocket@lockelord.com
Gregory K Stern gstern1@flash.net
steve_horvath@ilnb.uscourts.gov
Gregory K Stern gstern1@flash.net
steve_horvath@ilnb.uscourts.gov
Kathleen A Stetsko
kstetsko@perkinscoie.com
docketchi@perkinscoie.com
Elizabeth B Vandesteeg
evandesteeg@lplegal.com
nbailey@lplegal.com
ikropiewnicka@lplegal.com
Bruce E de'Medici bdemedici@gmail.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | **Chapter 7** |
| | ) | **Case No. 10-44866** |
| **RICHARD J. KLARCHEK,** | ) | |
| | ) | **Hon. Timothy A. Barnes** |
| **Debtor.** | ) | |
| | ) | **Hearing date: July 15, 2015** |
| | ) | **Hearing time: 10:00 a.m.** |

## APPLICATION TO EMPLOY LESLIE HINDMAN AUCTIONEERS, INC. AS AUCTIONEERS AND MOTION TO USE, SELL OR LEASE PROPERTY OTHER THAN IN THE ORDINARY COURSE OF BUSINESS PURSUANT TO BANKRUPTCY CODE § 363(b) AND FOR RELATED RELIEF

Pursuant to 11 U.S.C. §§ 327(a), 328(a), 331 and 363(b) and Rules 2002, 2014(a), 2016, 6004 and 9006(c) of the Federal Rules of Bankruptcy Procedure, Richard J. Mason, not individually, but solely as the permanent case trustee ("Trustee") of the chapter 7 bankruptcy estate of Richard J. Klarchek ("Klarchek" or "Debtor"), in the above-captioned bankruptcy case ("Bankruptcy Case") hereby seeks authorization of this Court to employ and retain Leslie Hindman Auctioneers, Inc. ("LHA") for the purpose of auctioning certain property of the estate, and further moves this Court for entry of an Order approving the consignment agreement between the Trustee and LHA attached hereto as Exhibit A ("Consignment Agreement"), approving the terms of the Consignment Agreement, including LHA's commission and buyer's premium, and authorizing the Trustee to sell and assign the Trustee's right, title and interest, if any, in the properties identified in the Consignment Agreement attachment to the highest bidder at auction or on the terms otherwise specified in the Consignment Agreement.  In support of his application and motion ("Motion"), the Trustee respectfully states as follows:

**Jurisdiction and Venue**

1.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1334(a) and (b).

2.      This Motion is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (N) and (O).

3.      Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

4.      This Motion is brought under 11 U.S.C. §§ 327(a), 328(a), 331 and 363(b) and pursuant to Rules 2002, 2014(a), 2016, 6004 and 9006(c) of the Federal Rules of Bankruptcy Procedure.

**Background**

5.      On or about October 6, 2010 ("Petition Date"), the Debtor filed a petition for relief under Chapter 11 of Title 11 of the United States Code.

6.      The Debtor served as debtor in possession until May 1, 2012 ("Chapter 11 Phase"), when the Bankruptcy Case was converted to a Chapter 7 liquidation.

7.      The United States Trustee appointed the Trustee to administer the Debtor's estate and the Trustee subsequently became the permanent case trustee.

8.      Prior to his bankruptcy, the Debtor collected antiques and other valuable, collectible personal property.  The Debtor sold many of those valuables prior to the Petition Date and sold others during the Chapter 11 Phase.

9.      During the Chapter 11 Phase, the Court approved, upon written application and after notice and a hearing, the retention of LHA to conduct certain appraisals and inventories of home furnishings at the Debtor's Chicago residence ("Chicago Furnishings") and the home furnishings at a second residence of the Debtor in Wisconsin ("Wisconsin Furnishings").
[Docket No. 429]  Both inventories included antiques or other valuable collectibles.

10.     LHA prepared the requested appraisals on or about February 29, 2012, and, to date, LHA has not performed any other services for the Estate.

11.     The Debtor's spouse, Michelle Klarchek ("Michelle") purchased the Chicago Furnishings from the Estate, with Court approval in or about March 2012.  [Docket No. 453]

12.     The Wisconsin Furnishings were reportedly subject to a lien held by TCF Bank. After the Trustee's appointment, on motion by Michelle, who contended that the Estate had no equity in the Wisconsin Furnishings and proposed to purchase them, presumably by payment to TCF Bank, the Court entered an Order on or about June 27, 2012, compelling the Trustee to abandon the Estate's interest in the Wisconsin Furnishings. [Docket No. 519].

13.     After the Trustee's appointment and as a result of the Trustee's investigation into the Debtor's businesses, assets and liabilities, the Trustee commenced certain adversary proceedings, including an adversary challenging a pre-petition transfer of the Debtor's interest in his Chicago condominium into tenancy by the entirety for the benefit of himself and his spouse, Michelle Klarchek ("Michelle") and to avoid certain pre-petition transfers to RJK Investors, a general partnership and affiliate of the Debtor.

14.     On March 26, 2013, the Debtor was granted a discharge in bankruptcy ("Discharge").

15.     Subsequent to the Debtor's Discharge, certain information came to the Trustee's attention, including, among other things, information relating to the disposition of certain antiques or other collectibles of the Debtor or its proceeds.  On or about March 25, 2014, the Trustee filed an adversary proceeding (14-00212) seeking to revoke the Debtor's Discharge pursuant to 11 U.S.C. §§727(d)(1), (d)(2) ("Revocation Adversary").

3

16.      In addition, the Trustee asserted, and Michelle denied, that Michelle held certain items of personal property or their proceeds that was property of the Debtor's bankruptcy estate.

17.      Over the course of many months, the Trustee, the Debtor, Michelle and others, including RJK Investors, engaged in discussions concerning the disputes between them.  Those persons (and certain of the Debtor's or Michelle's affiliates) eventually reached a near global settlement agreement ("Overall Settlement").

18.      Upon notice and a hearing, with no objections from any party in interest, the Overall Settlement was approved by the Court on or about June 2, 2015.  [Docket No. 695]  The Order approving the Overall Settlement has become final.

19.      The Overall Settlement calls for the Debtor's and Michelle's execution of certain Bills of Sale relating to, and tender to the Trustee of, certain antiques and other items of personal property ("Settlement Valuables").

**Proposed Retention of LHA and Auction Sale of the Settlement Valuables**

20.      The Trustee now wishes to dispose of the Settlement Valuables to the highest bidder at auction.

21.      After having spoken with several auction houses and considered other means of disposing of the Settlement Valuables, the Trustee has selected and seeks to retain LHA for disposition of the Settlement Valuables at auctions to be conducted by LHA pursuant to the attached Consignment Agreement.

22.      LHA is located in Chicago, while many other auction houses that specialize in the sale of antiques or collectibles of the type of the Settlement Valuables are located primarily in New York or in Europe.  The Trustee has specifically considered retention of Christie's and Sotheby's (both of which the Debtor used extensively), for auction of the Settlement Valuables.

However, the Trustee believes that it is in the best interest of the Estate not to incur the added costs necessary to transport the Settlement Valuables to Christie's or Sotheby's and that such costs would not be recouped by more lucrative sales.

23.     The Trustee thus has concluded that LHA is the auction house best situated to dispose of the Settlement Valuables at auction.

24.     As stated in the attached declaration of Leslie Hindman, a principal of LHA, in addition to LHA's prior retention during the Chapter 11 Phase of the case, Ms. Hindman knows Michelle Klarchek through mutual friends.  Ms. Hindman also has, over the years, come to know Richard and Michelle Klarchek as sellers or purchasers at auctions conducted by LHA.  From time to time prior to the bankruptcy filing, Richard and/or Michelle Klarchek purchased or sold goods at LHA auctions.  Also, after LHA conducted the appraisals for which it was retained during the Chapter 11 Phase of the bankruptcy, LHA was asked to and handled the auction or sale on consignment for Mrs. Klarchek of certain of the items that had been appraised in the appraisals LHA conducted.

25.     In addition, on two occasions – one in 2013 and one in 2015 – LHA handled for Mrs. Klarchek consignment sales of two paintings (for $500 each) that Mrs. Klarchek represented belonged to her personally and that were not included in the prior appraisals.

26.     Ms. Hindman also disclosed in her declaration that LHA banks at the Private Bank, that Ms. Hindman was once a member of the Board of Directors of MB Financial Bank and that LHA has business relationships, in passing, with banks, title companies and others who are or may be creditors or parties in interest.

27.     Neither Ms. Hindman nor LHA is a creditor of the Debtor or has any connection with the Debtor, the Debtor's creditors, the Trustee, their respective attorneys, the United States

Trustee or any person employed in the office of the U.S. Trustee, except for those connections described in her declaration (and summarized above).  The Trustee therefore believes that Ms. Hindman and LHA do not hold or represent interests adverse to the Estate and are thus disinterested for purposes of the proposed retention to serve as auctioneer.

28.     As reflected in the letter from Ms. Hindman to the Trustee attached to the Consignment Agreement ("LHA Letter"), LHA anticipates offering items of the Property (depending upon the nature of the Property) at auctions to be held in October and November, 2015.

29.     The terms of the Trustee's proposed retention of LHA are set forth in the attached Consignment Agreement and attachments thereto, which is subject to and conditioned upon Bankruptcy Court approval, include the following:[1]

(a)     The property itemized in an Exhibit A to the Consignment Agreement ("Property") will be sold at public auction, on dates to be determined by LHA;[2]

(b)     LHA will cover all packing and shipping charges to LHA's premises and will insure the Property at no cost to the Estate, with coverage taking effect when LHA picks up the Property from its current locations in Chicago and Lake Forest, Illinois;

(c)     LHA will charge a flat 8% commission per lot, based on the final hammer price for the Property at auction;

(d)     In addition to the commission, LHA will charge purchasers of the Property or any lot a buyer's premium based on the hammer price, not to exceed 25% for the first $100,000.00 (26% for on-line buyers), dropping to 20% (21% for on-line buyers) for the portion of the hammer price from $100,001.00 to $1 million;

(e)     The Trustee will not provide a warranty of title for the goods sold at auction, but will deliver to LHA a copy of the Trustee's Settlement Agreement with the Debtor and Michelle Klarchek, the Court's Settlement Approval Order and any Bills of Sale executed by the Debtor and Michelle Klarchek pursuant to the Settlement Agreement.

---

[1]     The description of the Consignment Agreement provided in this Motion is a summary only.  In the event of a discrepancy between the terms of the Consignment Agreement and the description provided here, the actual Consignment Agreement will control.

[2]     The Property itemized consists of the Settlement Valuables.

(f)     The Trustee and LHA have agreed or will agree upon reserve prices for each item of Property (below which it will not be sold).  LHA reserves the right to sell at or above the reserve price and may sell below the reserve price so long as it pays the Trustee the amount the Trustee would have been entitled to receive if the item had sold at the reserve price at auction less LHA's commission.

(g)     LHA will obtain and furnish an Auctioneers Surety Bond on behalf of the Estate, conditioned upon its faithful and prompt accounting for money and Property coming into LHA's possession as auctioneer and upon its compliance with this Court's orders relating to the Trustee's retention of LHA;

(h)     LHA will mail to the Trustee a settlement check for items sold less LHA's commission, no later than 30 days following the auction sale, and will provide the Trustee an itemized settlement statement accounting for all proceeds and deductions;

(i)     LHA will not commingle the auction proceeds with other business or personal funds, but will hold them in a segregated account until paid to the Trustee.

30.     The Consignment Agreement also contains provisions for disposition of Property that does not sell at the auction (including the Trustee's option to re-consign the Property for sale by LHA).

31.     Although they are not disclosed in the Consignment Agreement, LHA has provided the Trustee with estimated ranges of value for most of the items of Property.  To avoid unnecessarily influencing the bidding, the Trustee does not wish to publish in this Motion the value ranges provided by LHA or the agreed upon reserve amounts.  The Trustee based the reserve amounts on recommendations from LHA.

32.     LHA's anticipated preparation for the proposed auctions are described in the LHA Letter.

33.     The Trustee now seeks authority to enter into the Consignment Agreement, to sell the Estate's right, title and interest, if any, in the Property to the highest bidder at auction, (but with discretion not to sell if the highest offer is below the reserve amount).  The Trustee seeks to

sell without any warranties of title or of any kind. The Trustee will, however, as provided in the Consignment Agreement, deliver to LHA the Bills of Sale provided by the Debtor at the Closing.

34.     The Trustee also seeks authority to reconsign any items of the Property that does not sell at auction to LHA, without further Order of Court.

## Request to Limit and Shorten Notice

35.     The Trustee has afforded at least 18 days' notice of this Motion by U.S. mail on the U.S. Trustee and all creditors filing proofs of claim in this Case.  The Trustee has also filed this Motion with the Court and thereby caused service to be made on all persons who have registered with the Court in this Case to receive electronic service.

36.     The reduced notice is appropriate to ensure that LHA will have time to prepare, photograph and document the items as available at auction.  Accordingly, the Trustee seeks a reduction for cause, pursuant to Rule 9006(c) of Rule 2002's requirement of 21 days' notice to that actually provided.  The Trustee also seeks a finding of the Court that the notice afforded is adequate and appropriate under the circumstances.

**WHEREFORE**, the Trustee respectfully requests this Court to enter an order in the form of the attached Proposed Order:

A.     Finding that cause exists for reduction of the 21 day notice period provided Rule 2002 and that Notice of this Motion was adequate, appropriate and sufficient;

B.     Finding that LHA and Ms. Hindman hold and represent no interest adverse to the Estate and are thus eligible pursuant to 11 U.S.C. §327(a) for employment as auctioneers for the Estate;

C.     Approving the Consignment Agreement attached hereto as Exhibit A;

D.     Authorizing the Trustee's employment of LHA as auctioneers on the terms set forth in the Consignment Agreement attached hereto for the Estate's disposition of the items of Property described in the attachment to the Consignment Agreement;

E.     Authorizing the Trustee to sell the Settlement Valuables through LHA to the highest bidder at auction (but with discretion not to sell if the highest bid is below

the reserve amount), and, if any of the Settlement Valuables do not sell at auction, to re-consign them with LHA, without further order of Court.

F.    Authorizing LHA to retain the buyer's premium paid by the buyers at the auction sales up to 25% and up to 26% for on-line buyers and to retain from the proceeds of the auction sales, an 8% commission;

G.    Directing LHA to 'promptly pay over to the Trustee all other proceeds of the auction sales of the Property, and requiring LHA to provide the Trustee with an itemized settlement statement accounting for all proceeds and deductions;

H.    Providing that the Trustee transfers and assigns only his right, title and interest, if any, in the Property offered for sale and/or sold at the auction or through LHA, and disclaims all warranties of title and merchantability and all other warranties, the Trustee is authorized to deliver to LHA the Bills of Sale he receives from the Debtor and Michelle Klarchek, and is authorized to assign to the purchasers of the items of Property all of his rights, if any, under such Bills of Sale; and

I.    Granting the Trustee such other and further relief as this Court deems just and proper.

Dated: June 26, 2015                /s/ Patricia K. Smoots
                                    One of the Attorneys for
                                    **RICHARD J. MASON,**
                                    **CHAPTER 7 TRUSTEE**
                                    Richard J. Mason, P.C.
                                    Patricia K. Smoots
                                    McGuireWoods LLP
                                    77 W. Wacker Drive, Suite 4100
                                    Chicago, IL 60601-1815
                                    (312) 849-8100

68088410_1.docx