**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | **Chapter 7** |
| | ) | |
| **RICHARD J. KLARCHEK,** | ) | **Case No. 10-44866** |
| | ) | |
| Debtor. | ) | **Hon. Timothy A. Barnes** |
| | ) | |
| | ) | **Hearing Date: December 13, 2016** |
| | ) | **Hearing Time:  10:00 a.m.** |

**NOTICE OF FIFTH AND FINAL APPLICATION FOR ALLOWANCE AND
PAYMENT OF PROFESSIONAL COMPENSATION FOR
MCGUIREWOODS LLP AS COUNSEL FOR THE TRUSTEE**

To:   See Attached Service List

On November 21, 2016, McGuireWoods, LLP ("McGuireWoods") filed the **Fifth And Final Application For Allowance And Payment Of Professional Compensation For McGuirewoods LLP As Counsel For The Trustee (the "Application").** McGuireWoods seeks a total of $78,573.50 in compensation and $369.51 in expense reimbursement.  A copy of the Application and supporting documentation has been filed with the Court and is available upon request to counsel for the Trustee at the address listed below or by electronic mail request to psmoots@mcguirewoods.com.

A hearing (the "Hearing") will be held on the Application on **Tuesday, December 13, 2016**, at the hour of **10:00 a.m.** before the Honorable Timothy A. Barnes, United States Bankruptcy Judge (or any judge who may be sitting in his stead) in Courtroom 613 of the Bankruptcy Court located at 219 South Dearborn Street, Chicago, Illinois.

Your rights may be affected.  You should read these papers carefully and discuss them with your attorney.  If you do not have an attorney, you may wish to consult one.

If you do not want the Court to grant the Application, then on or before the hearing on **Tuesday, December 13, 2016**, you or your attorney must file a written Objection to the Application, which should explain the reasons why you object, with the Clerk of the Bankruptcy Court at 219 South Dearborn Street, Chicago, Illinois, and/or appear at the Hearing on **Tuesday, December 13, 2016** at **10:00 a.m**.

If you do not object, the Court may grant the relief requested.


By:____/s/ Patricia K. Smoots


Richard J. Mason, P.C.(ARDC #01787659)
Patricia K. Smoots (ARDC #06194076)
McGuireWoods LLP
77 West Wacker Drive
Suite 4100
Chicago, IL  60601-1815
(312) 849-8100
*Counsel to Richard J. Mason, Trustee*

### CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on this 21st day of November, 2016, she caused copies of the foregoing **NOTICE OF FIFTH AND FINAL APPLICATION FOR ALLOWANCE AND PAYMENT OF PROFESSIONAL COMPENSATION FOR MCGUIREWOODS LLP AS COUNSEL FOR THE TRUSTEE** and the referenced **FIFTH AND FINAL FEE APPLICATION**, to be served via the Court's electronic filing system upon all parties on the attached Service List who have consented to such service and caused copies of the Notice and Application, without exhibits, to be served on all other persons on the attached service list by depositing the same in the United States mail, proper postage prepaid.

_____/s/ Patricia K. Smoots_____
Patricia K. Smoots

# I. Mailing Information for Case 10-44866

## Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- Courtney E Barr    cbarr@lockelord.com, chicagodocket@lockelord.com;;pwilliams@lockelord.com
- Paul M Bauch    pbauch@bauch-michaels.com, smohan@bauch-michaels.com
- Mark D Belongia    mbelongia@duanemorris.com, marsha.sullivan@duanemorris.com
- John A Benson    jbenson@tetzlafflegal.com, dwolski@tetzlafflegal.com;nwolf@tetzlafflegal.com
- Michael T. Benz    benz@chapman.com, eickmann@chapman.com
- Lauren N. Beslow    Lauren.Beslow@quarles.com
- Vincent T Borst    vborst@rsplaw.com
- Vincent T Borst    vborst@rsplaw.com
- Francis X Buckley    fxbuckleyjr@thompsoncoburn.com, aversis@thompsoncoburn.com
- Paul Catanese    pcatanese@mcguirewoods.com, docket@mcguirewoods.com
- Paul Catanese    pcatanese@mcguirewoods.com, docket@mcguirewoods.com
- Francisco Connell    fconnell@chuhak.com, hcummins@chuhak.com
- Catherine A. Cooke    ccooke@rsplaw.com
- Catherine A. Cooke    ccooke@rsplaw.com
- Teresa M Dickinson    tdickinson@statmanharris.com
- Kevin C. Driscoll    kevin.driscoll@btlaw.com, jriazi@btlaw.com;ddotts@btlaw.com
- Travis J Eliason    travis.eliason@quarles.com
- Marc Ira Fenton    mfenton@lplegal.com, cblumka@lplegal.com;ikropiewnicka@lplegal.com
- Richard H Fimoff    rfimoff@rsplaw.com, fb@rsplaw.com
- Chester H. Foster    chf@fosterlegalsvcs.com, dbf@fosterlegalservices.com
- Jeffrey L. Gansberg    jgansberg@muchshelist.com, nsulak@muchshelist.com
- Matthew T. Gensburg    MGensburg@dandgpc.com
- David J. Gold    dgold@perkinscoie.com, jmatamoros@perkinscoie.com,ecf-f3d8ba2b0968@ecf.pacerpro.com;nsaldinger@perkinscoie.com
- James Hausler    james.e.hausler@gmail.com
- David L Hazan    dlhazan@divergrach.com
- Cara M Houck    houck@millercanfield.com, evansc@millercanfield.com
- David A. Kallick    dkallick@bgalawfirm.com
- Alexander D Kerr    akerr@heylroyster.com, soquinn@heylroyster.com,chiecf@heylroyster.com
- Kathryn A Klein    iln@riezmanberger.com
- Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
- David P Lloyd    courtdocs@davidlloydlaw.com
- Terri M Long    tmlong@tmlong.com, Courts@tmlong.com

- Richard J Mason    rmason@mcguirewoods.com, IL54@ecfcbis.com
- Richard J Mason    rmason@mcguirewoods.com, docket@mcguirewoods.com;cgunderson@mcguirewoods.com;jbrehm@mcguirewoods.com
- Richard J Mason    rmason@mcguirewoods.com, docket@mcguirewoods.com;cgunderson@mcguirewoods.com;jbrehm@mcguirewoods.com
- Timothy S. McFadden    tmcfadden@btlaw.com
- Kenneth A. Michaels    kmichaels@bauch-michaels.com, smohan@bauch-michaels.com
- Monica C O'Brien    gstern1@flash.net
- James M Philbrick    jmphilbrick@att.net
- Ann E Pille    ann.pille@dlapiper.com, apille@reedsmith.com;bankruptcy-2628@ecf.pacerpro.com
- John F. Pollick    johnfpollick@gmail.com
- Brian Raynor    braynor@lockelord.com, docket@lockelord.com
- Christina M Riepel    gstern2@flash.net
- Travis Rojakovick    trojakovick@lockelord.com
- Harold Rosen    hrosen@wolinlaw.com, sgarvey@wolinlaw.com
- Carolina Y. Sales    csales@bauch-michaels.com, smohan@bauch-michaels.com
- Michael M Schmahl    mschmahl@pollickschmahl.com, mmsfiling@gmail.com
- William S Schwartz    wschwartz@lplegal.com
- Michael L Sherman    shermlaw1@aol.com
- Shelley Smith    ssmith@belongialaw.com, ssteinhauer@bupdlaw.com
- Patricia K. Smoots    psmoots@mcguirewoods.com
- Patricia K. Smoots    psmoots@mcguirewoods.com
- David F Standa    standa@chapman.com, chicagodocket@lockelord.com;kkwell@lockelord.com;ttill@lockelord.com;kmorehouse@lockelord.com
- Gregory K Stern    gstern1@flash.net, steve_horvath@ilnb.uscourts.gov
- Gregory K Stern    gstern1@flash.net, steve_horvath@ilnb.uscourts.gov
- Kathleen A Stetsko    kstetsko@perkinscoie.com, docketchi@perkinscoie.com
- Elizabeth B Vandesteeg    evandesteeg@sugarfgh.com, bkdocket@sugarfgh.com
- Bruce E de'Medici    bdemedici@gmail.com

## SERVICE LIST

Patrick S. Layng,
United States Trustee
219 South Dearborn Street, Suite 873
Chicago, Illinois 60604

Peter A. Clark.
Kevin C. Driscoll, Jr.,
Timothy S. McFadden
Barnes & Thornburg, LLP
One North Wacker Drive, Suite 4400
Chicago, Illinois 60606

Lisa Updike
Barnes & Thornburg LLP
600 One Summit Square
Fort Wayne, IN 46802-3119

David A. Kallick
Alexander D. Kerr, Jr.
Tishler & Wald, Ltd.
200 South Wacker Drive, Suite 3000
Chicago, Illinois 60606

Michael T. Benz
David T. Standa
Chapman & Cutler, LLP
111 West Monroe Street
Chicago, IL 60603-4080

Courtney E. Barr
Locke Lord Bissell & Liddell LLP
111 South Wacker Drive
Chicago, Illinois 60606

Francis X. Buckley, Jr.
Thompson Coburn LLP
55 East Monroe, 37th Floor
Chicago, Illinois 60603

Faye B. Feinstein
Lauren N. Nachinson
Quarles & Brady LLP
300 N. LaSalle Street, Suite 4000
Chicago, Illinois 60654

Ashley L. Varterasian
John A. Benson, Jr.
Belongia, Shapiro & Franklin, LLP
20 South Clark Street, Suite 300
Chicago, Illinois 60603

Jeffrey L. Gansberg
Much Shelist, et.al.
191 N. Wacker Drive, Suite 1800
Chicago, Illinois 60606

William S. Schwartz
Elizabeth B Vandesteeg
Levenfeld Pearlstein, LLC
2 N. LaSalle St., Suite 1300
Chicago, IL 60602

Kathleen A. Stetsko
Bates M. Larson
Perkins Coi LLP
131 South Dearborn, Suite 1700
Chicago, Illinois 60603

Kathryn A. Klein
Riezman Berger, P.C.
7700 Bonhomme, 7th Floor
St. Louis, Missouri 63105

Vincent T. Borst
Richard H. Fimoff
Catherine A. Cooke
Robbins, Salomon & Pratt, Ltd.
25 E. Washington Street, Suite 1000
Chicago, IL 60602

Cara M. Houck
Miller, Canfield, Paddock and Stone, P.L.C.
222 West Washington Street, Suite 2600
Chicago, Illinois 60606

Ann E. Pille
Reed Smith LLP
10 South Wacker Drive, Suite 4000
Chicago, Illinois 60606

Richard H. Porter
Gonzalez Saggio & Harlan LLP
111 E. Wisconsin Avenue, Suite 1000
Milwaukee, Wisconsin 53202

Michael L. Sherman
120 South LaSalle Street, Suite 1460
Chicago, Illinois 60603

Matthew T. Gensburg
Greenberg Traurig, LLP
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601

Paul M. Bauch
Carolina Y. Sales
Kenneth A. Michaels, Jr.
Luke J. Hinkle
Bauch & Michaels, LLC
53 West Jackson, Suite 1115
Chicago, Illinois 60604

James B. Gottlieb
Chuhak & Tecson, P.C.
30 South Wacker Drive, Suite 2600
Chicago, Illinois 60606-7413

Law Office of Terri M. Long
18201 Morris Avenue
Homewood, IL 60430

James M. Philbrick
Law Offices of James M. Philbrick, P.C.
P. O. Box 351
Mundelein, IL 60060

Alan K. Mills
Barnes & Thornburg LLP
11 S Meridian Street
Indianapolis, IN 46204-3535

David L. Hazan
Diver, Grach, Quade & Masini LLP
111 North County Street
Waukegan, IL 60085

David P. Lloyd
Grochocinski, Grochocinski & Lloyd
1900 Ravinia Place
Orland Park, IL 60462

Steven Meyer
Oppenheimer Wolf & Donnelly LLP
45 South Seventh Street
Minneapolis, MN 55402

Francisco Connell
Chuhak & Tecson, P.C.
30 S. Wacker Dr., Suite 2600
Chicago, IL 60606

Teresa M. Dickinson
Marc I. Fenton
Statman Harris & Eyrich, LLC
200 West Madison Street, Suite 3820
Chicago, Illinois 60606

Richard J. Klarchek
875 North Michigan Avenue, Suite 3800
Chicago, Illinois 60611

1st Source Bank
P.O. Box 783
South Bend, IN 46624

ACE USA
Dept. CH 14089
Palatine, IL 60055

Ally Financial
P.O. Box 130424
Roseville, MN 55113

American Express
c/o Becket and Lee LLP
P.O. Box 3001
Malvern, PA 19355-0701

Chase
P.O. Box 15145
Wilmington, DE 19850

Chicago Title Insurance Company
171 North Clark Street, Suite 575
Chicago, IL 60601-3294

Citibank S.D., NA
Attn: Centralized Bankruptcy
P.O. Box 20507
Kansas City, MO 64195

Cole Meisel Forman & Leonard, P.A.
Court Plaza North
Hackensack, NJ 07601

Cook County Treasurer's Office
Legal Department
118 North Clark Street, Room 112
Chicago, Illinois 60602

DSNB Bloomingdale's
Bloomingdale's Bankruptcy
P.O. Box 8053
Mason, OH 45040

Fifth Third Bank
1701 Golf Road – Tower Road
Rolling Meadows, Illinois 60008

Gilson Labus & Silverman, LLC
223 W. Jackson Blvd., #750
Chicago, IL 60606

Illinois Department of Revenue
Bankruptcy Section
P.O. Box 64338
Chicago, IL 60664-0338

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

J.E. Robert Company, Inc.
c/o Ken Krejca
18W140 Butterfield Road, Suite 960
Oak Brook Terrace, Illinois 60181

John A. Tarantino, Esq.
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903

Keenan Marine Insurance
505 White Plains Road, Suite 108
Tarrytown, NY 10591

Kubota Credit Corporation
P.O. Box 829009
Dallas, Texas 75382-9009

Mercedes-Benz Financial
36455 Corporate Dr
Farmington Hills, MI 48331

Michael P. O'Hara, Esq.
Barrett & McNagny
215 East Berry Street
Fort Wayne, IN 46802

Oxford Bank and Trust
1111 West 22nd Street
Suite 800
Oak Brook, Illinois 60523

R. Steven Hearn
Office of the Prosecuting Attorney
121 North Lake Street
Warsaw, IN 46580

Spurlino Materials
4000 Oxford State Road
Middleton, Ohio 45044

UBS Real Estate Investments Inc.
1285 Avenue of the Americas, 11th Floor
New York, NY 10019

Village Bank & Trust, as successor by
merger with First Northwest Bank
234 Northwest Highway
Arlington Heights, IL 60004

Village of Glenview
c/o Eric G. Patt, Esq.
Robbins Solomon & Patt, Ltd.
2222 Chestnut Ave., #101
Glenview, IL 60025

Weiger Family Living Trust 6
c/o Daniel S. Kaplan, PC
Law Offices of Daniel S. Kaplan PC
542 S. Dearborn St., Suite 900
Chicago, IL 60605

Wells Fargo Bank, NA
c/o Dennis G. Bonucchi, Esq.
840 West Long Lake Road, Suite 200
Troy, MI 48098

Wisconsin Department of Revenue
Special Procedures Unit
P.O. Box 8901
Madison, Wisconsin 53708-8901

Wolin Kelter & Rosen, Ltd.
55 W. Monroe, Suite 3600
Chicago, IL 60603

Gregory K. Stern
53 West Jackson Boulevard
Suite 1442
Chicago, Illinois  60604

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | **Chapter 7** |
| | ) | |
| **RICHARD J. KLARCHEK,** | ) | **Case No. 10-44866** |
| | ) | |
| Debtor. | ) | **Hon. Timothy A. Barnes** |
| | ) | |
| | ) | **Hearing Date: December 13, 2016** |
| | ) | **Hearing Time:  10:00 a.m.** |

**COVER SHEET FOR THE FIFTH AND FINAL APPLICATION FOR
PROFESSIONAL COMPENSATION FOR MCGUIREWOODS LLP**

Name of Applicant:                                      McGuireWoods LLP

Authorized to Provide Professional Services to:    Richard J. Mason, Ch.7 Trustee

Date of Retention Order:                           June 12, 2012, effective as of May 1, 2012

Period for which Current Compensation is Sought:  From November 1, 2015 through
the conclusion of the case.

Amount of Fees Sought for through this
Application:                                       $78,573.50

Amount of Expense Reimbursement Sought:    $369.51

This is an:                    Interim Application: __    Final Application X̲

If this is not the first application filed herein by this professional, disclose as to all prior
fee applications:

| Date Filed | Period Covered | Total Fees and Expenses Requested | Total Fees and Expenses Allowed |
|---|---|---|---|
| **November 21, 2012 [Docket No. 565]** | **May 1, 2012 through July 14, 2012** | **Fees: $71,923.50 Expenses: $341.20** | **Fees: $71,923.50 Expenses: $341.20 [Docket No. 571]** |
| **July 1, 2014 [Docket No. 655]** | **July 15, 2012 to March 31, 2014** | **Fees: $702,255.00 Expenses: $13,627.29** | **Fees: $626,202.03 Expenses: $13,614.29 [Docket No. 682]** |

| **August 12, 2015** **[Docket No. 711]** | **April 1, 2014 to May 31, 2015** | **Fees: $282,132.00** **Expenses:** **$7,923.06** | **Fees: $270,221.00** **Expenses:** **$7,923.06** **[Docket No. 714]** |
|---|---|---|---|
| **November 25, 2015** **[Docket No. 715]** | **June 1, 2015 to October 31, 2015** | **Fees: $66,540.00** **Expenses: $944.43** | **Fees: 43,297.50** **Expenses: $944.43** **[Docket No. 717]** **and** **Fees: $20,362.50** **[Docket No. 722]** |

State the aggregate amount of fees and expenses paid to the Applicant to date for services rendered and expenses incurred herein is:  $1,054.829.51.

Dated: November 21, 2016          **McGuireWoods LLP**


                                        By:  /s/ Patricia K. Smoots
                                             One of its Attorneys

Richard J. Mason, P.C. (ARDC #01787659)
Patricia K. Smoots (ARDC #06194076)
McGuireWoods LLP
77 W. Wacker Drive
Suite 4100
Chicago, IL 60601
(312) 849-9100

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | **Chapter 7** |
| | ) | |
| **RICHARD J. KLARCHEK,** | ) | **Case No. 10-44866** |
| | ) | |
| Debtor. | ) | **Hon. Timothy A. Barnes** |
| | ) | |
| | ) | **Hearing Date: December 13, 2016** |
| | ) | **Hearing Time:  10:00 a.m.** |

**FIFTH AND FINAL APPLICATION FOR
ALLOWANCE AND PAYMENT OF PROFESSIONAL COMPENSATION OF
McGUIREWOODS LLP AS COUNSEL FOR THE TRUSTEE**

McGuireWoods LLP ("McGuireWoods"), counsel for Richard J. Mason, the trustee ("Trustee") in the above-captioned bankruptcy case, submits this Fifth and Final Application (the "Application") for Allowance and Payment of Compensation and Reimbursement of Expenses of McGuireWoods as Counsel for the Trustee.  McGuireWoods seeks compensation for the period from November 1, 2015 through the close of the case (the "Current Period"), including a small award for two hours of anticipated future services to conclude the case ("Estimated Future Services").  In addition, McGuireWoods seeks an award of additional compensation for time entries the Court previously disallowed due to insufficient or vague descriptions ("Previously Disallowed Entries").  Accordingly, McGuireWoods requests the entry of an order allowing and authorizing payment of compensation for the Current Period (the "Current Compensation") in the amount of $42,250.00 (consisting of $40,900.00 for the itemized services already provided ("Itemized Services") and $1,350.00 for the Estimated Future Services), and reimbursement of expenses (the "Expense Reimbursement") in the amount of $369.51.  McGuireWoods further requests the entry of an order allowing and authorizing payment of additional compensation related

to the Previously Disallowed Entries in the amount of $36,323.50 ("Additional Compensation"),

and, in support thereof, respectfully states as follows:

## Jurisdiction and Venue

1.      This is a core matter pursuant to 28 U.S.C. § 157(b)(2)(A).

2.      The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157(b)(2)

and 1334.

3.      Venue of this Case is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Introduction

4.      On or about October 6, 2010 ("Petition Date"), Richard J. Klarchek (the "Debtor")

commenced this bankruptcy case by filing a voluntary petition under Chapter 11 of Title 11 of the

United States Code (the "Code").

5.      On or about March 30, 2012, MB Financial Bank, N.A. filed a Motion  for Entry

of an Order Converting the Debtor's Chapter 11 Case to Chapter 7 [Docket 467].

6.      On or about May 1, 2012, ("Conversion Date"), the Court entered an order [Docket

No. 502] converting the Debtor's case to one under Chapter 7 of the Code. Shortly thereafter,

Richard J. Mason was appointed trustee.

7.      On June 12, 2012, the Court entered an order authorizing the Trustee to retain

McGuireWoods as counsel to the Trustee, effective as of May 1, 2012.  **[Docket No. 513].**

8.      The Trustee is currently holding cash totaling $342,421.96. If authorized,

payment of the fees and expenses requested herein would be made from those funds.

## Relief Requested

<u>Itemized Services and Amounts for Estimated Future Services</u>

9.      Through this Final Application, McGuireWoods now seeks the entry of an order, pursuant to sections 330 and 331 of the Bankruptcy Code, approving and authorizing payment of the Current Compensation in the amount of $42,250.00 and the Expense Reimbursement in the amount of $369.51.  A detailed abstract containing specific summaries of all of the Itemized Services provided by McGuireWoods through October 10, 2016, including $40,900.00 in fees charged and $369.51 in expenses incurred during that period, is attached hereto as Exhibit A.

10.      In addition, McGuireWoods estimates that it will incur an additional 2.0 hours of work at $675/hour for the Estimated Future Services necessary to conclude the case.  Specifically, it anticipates that counsel will expend approximately 1.3 hours preparing for and appearing at the hearing on the final professional and Trustee compensation applications, will expend approximately .3 hours working with the estate accountants to provide any information needed for their preparation of estate tax returns and an estimated .4 hours responding to miscellaneous matters including any modifications or objections to applications and any legal issues that arise with respect to taxes or distributions.  Accordingly, McGuireWoods requests $1,350.00 for Estimated Future Services.

<u>Additional Compensation Sought</u>

11.      Through this Final Application, McGuireWoods also now seeks the entry of an order, pursuant to sections 330 and 331 of the Bankruptcy Code, approving and authorizing payment of the Additional Compensation in the amount of $36,323.50 for the Previously Disallowed Entries.

12.      McGuireWoods provides herewith in the document attached as Exhibit B, additional descriptions of the services rendered with respect to the Disallowed Entries.

Specifically, Exhibit B restates the Disallowed Entries and follows each description with more detailed descriptions of the services provided and the specific compensation sought.

Final Allowance of Prior Awards

13.    This is McGuireWoods' Fifth and Final Application for compensation. Accordingly, McGuireWoods also seeks entry of an order finally awarding the fees and expenses previously allowed to McGuireWoods in the compensation orders entered in this Case [Docket Nos. 571, 682, 714, 717, 722] (the "Interim Compensation Allowances").

<strong><u>Summary of Chapter 11 Proceedings</u></strong>

14.    In the several years preceding the Petition Date, the Debtor owned and/or managed, directly or indirectly, numerous mobile home parks and related businesses valued at times at hundreds of millions of dollars as well as other complex commercial real estate projects also worth millions of dollars.  All together, the Debtor claimed to have a direct or indirect interest in approximately 50 entities that owned or managed real estate, mobile homes or aircraft.  The total claims against the estate are approximately $230 million.

15.    By January 2009, the Debtor, through a wholly-owned company known as Capital First Realty, Inc. ("Capital First"), managed more than twelve entities that each held title to a mobile home park (collectively, the "Mobile Home Park Entities").  The Mobile Home Park Entities were then indirectly owned by a trust previously created by the Debtor for the benefit of family members (the "Family Trust").  In addition, the Debtor held direct or indirect ownership interests and/or controlled various other entities ("Affiliated Entities"), including entities that owned property, including real estate or mobile homes.  Some of the Affiliated Entities were or had been engaged in businesses necessary or ancillary to the operation of the Mobile Home Park Entities.  Capital First also managed the Family Trust and many of the Affiliated Entities.

4

16.     By January 2009, the Debtor, the Mobile Home Park Entities and some of the Affiliated Entities were facing severe financial distress.  As a result of this continuing financial stress, in or about May 2010, one of the Mobile Home Park Entities filed for bankruptcy.  Within the next several months, many of the other Mobile Home Park Entities filed for bankruptcy and/or were facing foreclosure proceedings.

17.     Soon thereafter, on the Petition Date, the Debtor filed his petition for relief under Chapter 11 of the Code.

18.     During the Chapter 11 phase of the Case, the Debtor obtained Court authorization to sell personal property then reportedly on consignment and that he claimed he owned jointly with his spouse, Michelle Klarchek ("Michelle"), through consignment at a private sale or through a public auction.  Thereafter, the Debtor and Michelle reportedly sold a small number of valuable antiques or other personalty.  The Debtor also sought and obtained authority to abandon his interests in certain of his Affiliated Entities.

19.     In addition, during the Chapter 11 phase of the Case, the Debtor sought and obtained authority to sell certain home furnishings and other personalty at the Debtor's multi-million dollar Gold Coast condominium (the "Condominium") to his wife, Michelle.  During the Chapter 11 phase, he also sought and obtained authority to sell to Michelle his interests in Affiliated Entities and to compromise a potential avoidance action against Michelle (related to his pre-petition transfer to Michelle of his interests in an Affiliated Entity that owned certain real property).

20.     The Debtor prepared and filed a proposed plan and disclosure statement, but ultimately concluded that he would be unsuccessful in obtaining approval for his proposed

5

Chapter 11 reorganization.  Consequently, after over a year and a half in Chapter 11, the

Debtor's case was converted to a Chapter 7 liquidation.

<u>**Summary of Applicant's Activities.**</u>

21.     Upon his appointment, the Trustee retained McGuireWoods as his counsel and,

with his counsel's assistance, examined the extensive court record that had developed during the

Chapter 11 phase of the Case and investigated the Debtor's remaining assets and liabilities.

22.     After his appointment, with McGuireWoods' assistance, the Trustee looked into

the status of the Mobile Home Park Entities, sums owed the Debtor by the Family Trust, the

Debtor's Condominium and his reported pre-petition transfer of the Condominium from his own

sole ownership into tenancy by the entirety with Michelle, the nature and value of the Affiliated

Entities in which the Debtor still retained an interest, the indebtedness of certain Affiliated Entities

to the Debtor, the status of the remaining reported antiques on consignment, and the potentially

significant tax issues concerning the Estate.

23.     Based upon his initial investigation, the Trustee determined that his efforts were

likely to be most beneficial to the Estate if he focused on i) investigation of grounds on which he

might recover assets of the Estate associated with the Mobile Home Park Entities or the Affiliated

Entities or recover any sums owed to the Debtor by Affiliated Entities; ii) whether the Estate was

likely to recover any sums from the Family Trust; iii) whether the Debtor's pre-petition transfer of

the Condominium into tenancy by the entirety ("Condominium Transfer") might be avoided; iv)

examination of the tax position of, and potential tax problems for the Estate; and v) the disposition

of the few remaining reported antiques on consignment.

24.     The Trustee filed Adversary Proceeding No. 12-A-1688 (the "Condominium

Adversary") against the Debtor and Michelle to challenge the Condominium Transfer. In addition,

the Trustee filed an adversary proceeding against creditor TCF Bank, N.A. to determine the

validity, priority and extent of its claimed security interest in the Debtor's claim against the Family

Trust (Adversary No. 13-A-0655 ("TCF Adversary")).  The Trustee also filed an avoidance action

(and related claims) to recover amounts owed by or transferred to RJK Investors ("RJK"), a general

partnership in which Debtor was a general partner and which owned a retail property in Michigan

(Adversary No. 13-A-0631 ("RJK Adversary")).

25.    Subsequently, the Trustee's investigations of the affairs of the Debtor and more

than 50 related entities, conducted by McGuireWoods in or related to the Adversary Proceedings

described above, caused the Trustee and his counsel to discover other, additional, undisclosed

matters, transactions or transfers, which the Trustee, through McGuireWoods, then investigated.

26.    Typically, the discovery of previously undisclosed assets or transfers led the

Trustee and his counsel to additional sources of information or avenues of inquiry.

McGuireWoods, in effect, had to piece together the information received like assembling a jigsaw

puzzle to trace property or proceeds of property and to determine to whom the property was

transferred and who benefitted from the transfer.  The property transferred or traced and which

McGuireWoods investigated included the Debtor's home title described above, certain

refinancings, certain transfers associated with the Klarchek Family Trust, including certain

selective debt forgiveness and collection activities, and many transfers or dispositions of items of

valuable personal property, including, most notably, extremely valuable antiques.  Putting the

pieces together was tedious and time-consuming.

27.    Ultimately, after uncovering many suspicious and previously undisclosed matters,

and the Trustee consulted with attorneys for three of the largest creditors of the estate asserting

combined claims in excess of over $100 Million and the United States Trustee to determine

whether they preferred that he close the estate and make a distribution of what he had thus far collected. All three creditors and the United States Trustee urged him instead to use most of the remaining estate funds to seek revocation of the Debtor's discharge and determine if he could locate any other undisclosed assets. The Trustee deepened his investigation and sought to revoke the Debtor's discharge. On March 25, 2014, McGuireWoods, as counsel to the Trustee, commenced Adversary Proceeding No. 14-A-00212 seeking revocation of the Debtor's discharge in bankruptcy ("Discharge Adversary").

28.    In addition, while the Trustee was exploring whether the estate was likely to recover the sums owed by the Family Trust, and thus was actively seeking information and a Rule 2004 examination of the Family Trust, the trustees of the Family Trust filed a State Court action ("Family Trust Action"). The trustees of the Family Trust sought in the Family Trust Action to dissolve the Family Trust, to approve the Family Trust's final accounting of certain transactions that had disposed of its assets and to make the State Court's adjudications and approvals binding upon the Trustee in bankruptcy.

29.    In order to preserve the estate's rights, claims and potential claims, the Trustee intervened in and removed the Family Trust Action to federal court, creating Adversary Proceeding No. 13-A-01048 ("Family Trust Adversary") and sought to enforce the automatic stay with respect to it. The Bankruptcy Court eventually ruled in the Trustee's favor, finding the Family Trust Action to be in violation of the stay.

30.    Finally, the Trustee engaged in exhaustive negotiations with the Debtor and his wife to reach a nearly global resolution of the litigation and related matters. The settlement finally reached by the parties resulted in the revocation of the Debtor's bankruptcy discharge by agreed order. It also resulted in a cash payment to the estate and the turnover of certain valuable antiques

not previously identified as estate property.  The Trustee, on the one hand, and the Debtor, Michelle and certain affiliates of the Debtor, on the other hand, exchanged releases and information, and agreed, among other things to the dismissal of the RJK Adversary and the Discharge Adversary. This Court entered an order approving that settlement on June 2, 2015.

## Activities During the Current Period

31.     The Current Period for which the Applicant seeks compensation runs for a period of approximately one year, from November 1, 2015 through the close of the case.

32.     The primary categories of activity for which McGuireWoods now seeks compensation are the following: a) final investigation of the Estate (including gathering and organizing documents and information for certain late-disclosed transfers and resolving those matters) ("General Investigation"); b) consultations with estate accountants related to certain legal tax issues and related matters ("Tax Issues"); c) preparation and presentation of retention and compensation applications for the Trustee's attorneys and accountants ("Retention and Fee Applications"); and d) attention to contracts and reporting of the dispositions of Debtor's personal property  ("Personal Property").

## Narrative Description of McGuireWoods' Current Activities by Category

33.     **General Investigation.**     During this Compensation Period, McGuireWoods investigated certain additional matters related to the Debtor and his assets.  The investigations related to information contained in the Debtor's most recent tax returns and certain pre-petition transfers disclosed by the Debtor in connection with the Trustee's negotiations toward the complex settlement agreement with the Debtor and certain of his affiliates (which was approved in 2015). Specifically, counsel for the Trustee reviewed and conducted inquiries related to certain entities referenced in the Debtor's tax returns, and conducted discovery and engaged in negotiations

related to transfers made prior to the petition date to Debtor's accountant and accounting firm.  The investigation lead to additional discoveries and inquiries concerning certain post-bankruptcy payments made to the Debtor's accounting firm during the chapter 11 phase of the bankruptcy case.

34.     As a result of the investigation, McGuireWoods, on behalf of the Trustee, engaged in negotiations with the Debtor's accountant and his counsel, and reached and documented a settlement agreement that allowed the Trustee to recover a statue transferred by the Debtor and to recover certain fees paid to the accountant during the bankruptcy ("Accounting Firm Settlement"). The Accounting Firm Settlement was approved by the Court in March, 2016 [Docket No. 728].

35.     **Tax Issues.**  In order to implement the settlement reached in 2015 with the Debtor and his affiliates, McGuireWoods obtained the Debtor's most recent tax returns and reviewed them for compliance with the settlement.  In addition, in connection with negotiating and documenting the Accounting Firm Settlement, McGuireWoods consulted with the accountants for the estate on several occasions related to the tax impacts of the settlement and settlement structure, and provided additional information requested from counsel by the estate accountants for preparation of 2015 tax returns.

36.     **Retention and Fee Applications**.  During the Compensation Period, attorneys at McGuireWoods prepared, filed and presented fee applications, including final fee applications for the Trustee's accountants, Horwich Coleman and Levin ("HCL") and the Trustee's attorneys, McGuireWoods.   Counsel also prepared for court presentation the Trustee's application for compensation.  The work necessary in this category included review of time detail and preparation of narrative summaries and, in some instances, supplemental narrative summaries, of the services performed.  In connection with the submission of descriptions of sensitive information in support

of certain of McGuireWoods' descriptions of activities, counsel also prepared and presented a motion to restrict public access to certain of the descriptions.  That motion was granted by the Court in January 2016 [Docket No. 721].

37.  **Personal Property**.  Finally, during the current Compensation Period, McGuireWoods prepared a motion to authorize the sale of the statue recovered in connection with the Accounting Firm Settlement and modified a consignment agreement with the auctioneer, Leslie Hindman Auctioneers ("LHA") to provide for its inclusion in an auction through LHA.  The Court granted the motion to sell property and to expand LHA's employment in March, 2016 [Docket No. 729].  McGuireWoods also monitored compliance with the auctioneers' agreement, negotiated certain corrections to one of the auctioneer's report (resulting in a larger payment to the estate), and prepared and filed with the Court reports of the auction sales of estate valuables.

**Nature and Summary of Services During the Current Compensation Period, by Category.**

38.  The hourly rates charged by the attorneys of McGuireWoods for the Itemized Services during the Compensation Period (and reflected in Exhibit A) are as follows:[1]

| Name | Title | Specialty | Total Hours | Rate ($/hour) | Total Value |
|------|-------|-----------|-------------|---------------|-------------|
| Richard J. Mason | Partner | Bankruptcy | 13.4 | $725.00 | $9,715.00 |
| Patricia K. Smoots | Senior Counsel | Bankruptcy and Litigation | 46.0 | $675.00 | $31,050.00 |
| Justin LeClaire | Paralegal | Bankruptcy | .5 | $270.00 | $135.00 |
| **TOTAL** | | | 59.9 | - | **$40,900.00** |

---

[1]     McGuireWoods sometimes negotiates its rates with certain of its clients and sometimes makes alternative fee arrangements with clients, such that some of the services it provides are not compensated on an hourly basis or are compensated on a reduced rate hourly basis.  As a means of providing value to the bankruptcy estate in the form of discounts from the standard rates charged by McGuireWoods, the firm has not passed along all of the otherwise applicable annual rate increases.  Accordingly, all of Mr. Mason's services for the Current Period were charged at his 2013 rate.  For Ms. Smoots, her time has been charged at her 2015 rate.

39.     In addition, the Estimated Future Services consist of 2.0 hours at $675.00/hour, or $1,350.00.

40.     All services performed by McGuireWoods and all Estimated Future Services for which compensation is being sought were or will be performed for and on behalf of the Trustee.

41.     This Application has been prepared with the intention of complying with the applicable standards set forth in the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and Local Rule of Bankruptcy Procedure 5082-1.

42.     None of the payments received by McGuireWoods will be shared with any other party, nor are these payments subject to a sharing arrangement between McGuireWoods and any third party.

43.     In accordance with section 330 of the Bankruptcy Code, McGuireWoods represents that the amount of fees and expenses are fair and reasonable given: (a) the nature of this Case, and the described adversary proceedings and contested matters; (b) the time expended; (c) the nature and extent of the services rendered; (d) the value of such services; and (e) the costs of comparable services other than in a case under the Bankruptcy Code.

44.     During the Compensation Period McGuireWoods performed legal services to the Trustee, as set forth above, in each of the following categories of activities, shown with the corresponding compensation requested:

| Category of Services | Approximate Hours | Approximate Value |
|---|---|---|
| 0002-General Investigation | 26.7 | $18,467.50 |
| 0004-Tax Issues | 1.5 | $810.00 |
| 0005-Retention and Fee Applications (attorneys, accountants and auctioneer) | 20.4 | $13,820.00 |
| 0006-Personal Property (dispositions of property) | 11.1 | $7,667.50 |
| 0011-Creditors and Claims Analysis | .2 | $135.00 |
| TOTAL | 59.9 | $40,900.00 |

12

45.     The Estimated Future Services consist of 2.0 additional hours for the anticipated legal services necessary to conclude the case.

46.     All of the services provided by McGuireWoods and summarized above were reasonably necessary to and for the benefit of the estate. The services were provided to ensure that the interests of the estate and its creditors were adequately represented, protected and defended.

### Additional Descriptions for Previously Disallowed Entries

47.     On July 1, 2014, McGuireWoods submitted its Second Application for Professional Compensation, with attached time detail and descriptions [Docket No. 655].

48.     When the Court ruled on the Second Application, however, it disallowed approximately $76,000 of fees requested for various reason, including $36,501.00 in fees disallowed due to insufficient or vague description ("Inadequate Description Entries").  *See* Order of November 14, 2014 [Docket No. 682].   However, the Court specifically authorized McGuireWoods to seek reconsideration of the amounts disallowed due to Inadequate Description Entries in its final application for compensation.  *See* November 2014 Order, at p. 2, n. 1.

49.     Accordingly, McGuireWoods has prepared the attached Exhibit B itemizing the fees disallowed due to Inadequate Description Entries and, for each, has supplied an additional description of the services provided.

50.     McGuireWoods now weeks Additional Compensation in the amount of $36,323.50 for the Previously Disallowed Entries.

### Computation of Compensation

51.     The services performed by McGuireWoods during the Compensation Period for which Current Period Compensation is sought required a total time expenditure of approximately 62 hours (including two hours for Estimated Future Services).   The Itemized Services already

13

provided for which McGuireWoods is seeking compensation are set forth with particularity in Exhibit A.  Based on the nature, extent and value of the services for which McGuireWoods is seeking compensation, the time spent on such services and cost of comparable services other than in a case under the Bankruptcy Code, such services have a value of not less than $42,250.00.

52.     The Previously Disallowed Entries (for Inadequate Description Entries) required a total time expenditure of approximately 53.3 hours.  As noted above, Previously Disallowed Services for which McGuireWoods is seeking the Additional Compensation are set forth with particularity in Exhibit B.  Based on the nature, extent and value of those services, the time spent on such services and cost of comparable services other than in a case under the Bankruptcy Code, such services have a value of not less than $36,323.50.

### Expenses

53.     In addition to the services described above, McGuireWoods incurred certain reasonable and necessary expenses during its representation of the Trustee for which it seeks reimbursement in the amount of $369.51. A detailed breakdown of these expenses is included in Exhibit A.

54.     A summary of these reasonable and necessary expenses is provided below:

(a)     In-House Copying ($3.30):  McGuireWoods bills per page for all internal copies.  Such charges are reasonable and customary in the legal industry, representing costs of copy materials, outside services, acquisition, maintenance, storage and operation of copy machines, maintaining the copy center.

(b)     Postal Service and Messenger/ Federal Express Charges ($366.21): McGuireWoods seeks reimbursement for postal service mailing costs ($221.60), and messenger

service and Fed Ex Delivery charges ($144.61) actually incurred in the course of its service to the Trustee.

**Notice**

55.      Sections 330 and 331 of the Bankruptcy Code require notice and a hearing before any action on this Application.  In compliance with these sections and Federal Rule of Bankruptcy Procedure 2002, McGuireWoods has mailed a copy of the Notice of this Third Interim Fee Application to all parties on the service list in this bankruptcy case.  The entire Application, along with all exhibits, was served through the Court's electronic system on all individuals whose e-mail addresses are registered in this Case with the ECF filing system.

WHEREFORE, McGuireWoods prays this Court enter an order:

A.  allowing McGuireWoods' Current Compensation of $42,250.00 as payment for legal fees during the Current Period;

B.  allowing reimbursement of expenses to McGuireWoods in the amount of $369.51;

C.  Allowing McGuireWoods' Additional Compensation with respect to the Previously Disallowed Services in the amount of $36,323.50;

D.  approving the form and manner of notice provided to creditors and other parties in interest;

E.  authorizing immediate payment of the Current Period Compensation, the expense reimbursement and the Additional Compensation from the bankruptcy estate;

F.  finally allowing all previous awards of compensation and expense reimbursements (in the full amounts awarded in the Interim Compensation Allowances); and

G.  granting such further relief as the Court deems just and appropriate.

Dated: November 21, 2016

/s/ Patricia K. Smoots
*One of the Attorneys for the Trustee*

Richard J. Mason, P.C. (ARDC #01787659)
Patricia K. Smoots (ARDC #06194076)
McGuireWoods LLP
77 W. Wacker Drive, Suite 4100 Chicago,
IL 60601
(312) 849-8100